UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson,<br><br>Plaintiffs,<br>v.<br><br>George Ian Boxill,<br><br>Defendant. | Court File No.  17-cv-1212 WMW/TNL<br><br><br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson hereby move for a temporary restraining order.  This motion is based on Fed. R. Civ. P. 65, Minn. Stat. § 572B.08, 9 U.S.C. §§ 1–16 and *Peabody Coalsales Co. v. Tampa Elec. Co.,* 36 F.3d 46, 47 (8th Cir. 1994), and is supported by the accompanying Memorandum of Law, Declaration and Affidavit of Lora M. Friedemann in Support of Motion for Temporary Restraining Order, Affidavit of Andrea Bruce in Support of Motion for Temporary Restraining Order and Affidavit of Kirk A. Johnson in Support of Motion for Temporary Restraining Order.

The Court may grant injunctive relief if the parties' agreement contains "qualifying language."  *Peabody Coalsales Co. v. Tampa Elec. Co.,* 36 F.3d 46, 47 (8th Cir. 1994).  In *Peabody Coalsales Co.*, the Eighth Circuit Court of Appeals examined the

role of courts in disputes governed by the Federal Arbitration Act ("FAA"). There, the court explained:

> When a court determines that the making of the arbitration agreement is not at issue, the FAA requires the court to "make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement.*" 9 U.S.C. § 4 (emphasis added). *See also Volt Info. Sciences, Inc. v. Leland Stanford Jr. Univ.,* 489 U.S. 468, 474–75, 109 S.Ct. 1248, 1253, 103 L.Ed.2d 488 (1989) ("[Section 4] confers only the right to obtain an order directing that 'arbitration proceed *in the manner provided for in [the parties'] agreement.*'").

*Id*. at 48.

In the present case, the parties' agreement unambiguously provides that by signing the Confidentiality Agreement, Mr. Boxill understands that "it may be necessary to have *a court **or** neutral arbitrator* order [him] to stop doing such acts" which would violate the agreement. *See* Paragraph 4 of Confidentiality Agreement. *See also Peabody Coalsales Co.*, 36 F.3d at 48 ("the bargained-for terms of the Agreement require continued performance as part of the dispute resolution process," thus the court ordered the parties to continue performance "in accordance with the terms of the agreement."). Where, as here, the parties' agreement clearly contemplates that ***a court*** may order Mr. Boxill to stop engaging in conduct that violates the Confidentiality Agreement, the Court has the authority to issue an Order granting injunctive relief.

Dated: April 19, 2017      */s/ Lora M. Friedemann*
Lora M. Friedemann (#0259615)
Joseph J. Cassioppi (#0388238)
Christopher D. Pham (#0390165)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000

lfriedemann@fredlaw.com
jcassioppi@fredlaw.com
cpham@fredlaw.com

***Attorneys for Plaintiffs***