EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paisley Park Enterprises, Inc. and
Comerica Bank & Trust, N.A. as Personal
Representative for the Estate of Prince
Rogers Nelson,

               Plaintiffs,

   v.

George Ian Boxill, Rogue Music Alliance,
LLC, and Deliverance, LLC,

               Defendants.

Court File No.  17-cv-1212 WMW/TNL

**PLAINTIFFS' FIRST SET OF
DISCOVERY TO ROGUE MUSIC
ALLIANCE, LLC**

---

     Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as

Personal Representative for the Estate of Prince Rogers Nelson hereby serve the

following Interrogatories and Requests for Production of Documents on Rogue Music

Alliance, LLC pursuant to Fed. R. Civ. P. 26, 33 and 34.

### Definitions and Instructions

These requests are subject to the Definitions and Instructions set forth below.

    1.    <u>Document</u>.  The term "document" has the broadest meaning ascribed to it

under Rule 34.

    2.    <u>"You," "Your" and "RMA."</u>  The terms "you," "your" and "RMA" shall

mean Rogue Music Alliance, LLC and its principals, officers, directors, agents,

employees, attorneys, and representatives.

    3.    <u>"Prince."</u>  "Prince" refers to Prince Rogers Nelson.

4.    "Prince Works." "Prince Works" includes all musical works that were written by Prince Rogers Nelson, either in whole or in part, or that contain one or more performances by Prince Rogers Nelson, and includes, but is not limited to, the works on the Deliverance EP.

5.    "Deliverance EP." The Term "Deliverance EP" refers to the album as a whole and each track contained on the album, including the secret track contained on the vinyl records.

6.    Inability to Answer in Full. If you cannot answer or respond to the following discovery requests in full after exercising due diligence to secure the information to do so, please respond to the fullest extent possible, specify your inability to answer or respond to the remainder, and state whatever information or knowledge you have concerning the portion of the request to which you were unable to answer or respond.

7.    Objections. If you object to a document request on any basis, you shall produce documents or otherwise respond to the fullest extent possible, state the materials being withheld, and detail the basis for so doing as required by Fed. R. Civ. P. 34(2)(C).

8.    Time Period. Unless otherwise indicated, these discovery requests seek information from April 21, 2016 through the date of production.

9.    Scope of Production.

A.    Duplication:  To reduce the cost of review and production, the parties may choose to use custodian level de-duplication to remove exact duplicate files from review and production.  For non-email electronic files, the identification of duplicate files should be based on MD5 or SHA-1 hash values.  Email duplicates should be

- 2 -

identified based on algorithms that utilize at least the following email metadata fields: Date/Time Sent; Subject; From; To; CC; Email body.  Family groups – parent and child documents – should not be separately eliminated unless both the parent and child documents are identical to another set of parent and child documents.

B.   <u>Handling of System Files with No Evidentiary Value</u>:  The parties shall undertake reasonable efforts to remove non-responsive system files from the ESI collection, including filtering the ESI collection against the National Software Reference Library (NSRL) National Institute of Technology (NIST) file listing prior to production.

C.   <u>Document Family Relationships</u>:  The parent-child relationships between documents and their attachments shall be maintained.

10.   <u>Form of Production</u>.

A.   <u>Document Image Format</u>:   Paper documents and ESI that is conducive to being displayed in an image form shall be produced as 300 DPI CCITT Group Four compression black & white single page TIFF images.  JPG and GIF image files shall be produced as color images and shall be delivered in either JPEG compression TIFF or JPEG images.

Production images shall be endorsed with a sequential padded alphanumeric bates number (e.g. ABC000001) and appropriate protective declarations.  No spaces or dashes shall appear between the production prefix (ABC) and the padded production number (000001).   Production images shall be named to match the corresponding page bates number endorsement (e.g. ABC000001.tif).  Each producing entity or person shall use a different prefix to identify their documents (e.g., PPE for Paisley Park Enterprises, BOX for Boxill, RMA for Rogue Music, LLC, and DEL for Deliverance, LLC).

B.   <u>Native File Production</u>:  Electronic files that cannot be readily converted to an image format shall be produced with a TIFF image placeholder and in their native file format.  Examples of files that cannot readily be converted to image format include: spreadsheets (Excel), databases (Access), Autocad Drawings, audio files and video files.  An exception will be made for such files that contain privileged information.  The producing party shall have the option of

producing these files in a redacted image format or as a modified native file.

Native files shall be accompanied by a load file cross-referencing the endorsed bates number on the corresponding TIFF image placeholder page (e.g. ABC000001.xls). Native files containing protective declarations shall have the protective declaration endorsed on the placeholder page and as part of the load file cross reference.

C.  Load Files: Each production set shall be accompanied by a load file that unitizes the production images into their logical document and document attachment boundaries. Claimants will use a standard Concordance delimited load file format, that contains an OPT and a DAT load file with each production set.

Sample OPT image load file:

ABC000001,,\001\ABC000001.TIF,Y,,,
ABC000002,,\001\ABC000002.TIF,,,,
ABC000003,,\001\ABC000003.TIF,,,,
ABC000004,,\001\ABC000004.TIF,Y,,,
ABC000005,,\001\ABC000005.TIF,Y,,,
ABC000006,,\001\ABC000006.TIF,,,,

D.  Metadata: Absent an agreement to the contrary, the following metadata fields and confidential designation information shall be provided in a delimited file for all production documents:

| 1) BegProd | Beginning Production # (all documents) |
| 2) EndProd | Ending Production # (all documents) |
| 3) BegAttach | Beginning Attachment # (all documents) |
| 4) EndAttach | Ending Attachment # (all documents) |
| 5) ParentID | Parent Production # (all documents) |
| 6) ProtectiveDeclaration | Confidentiality Designation (all documents) |
| 7) PageCount | Page Count (all documents) |
| 8) Custodian | Custodian (all documents) |
| 9) Author | Author (electronic documents) |
| 10) From | From (sender of email) |
| 11) To | To (recipient of email) |
| 12) CC | CC (line of email) |
| 13) BCC | BCC (line of email) |

| 14)DateLastModified | Last Modified Date (electronic documents) |
|---|---|
| 15)DateReceived | Received Date (email documents) |
| 16)DateSent | Sent Date (email documents) |
| 17)DocExtension | File Extension (email and electronic documents) |
| 18)EmailSubject | Email Subject (email documents) |
| 19)Filename | Filename (electronic documents) |
| 20)Filesize | Filesize (email and electronic documents) |
| 21)Folder | Folder (email and electronic documents) |
| 22)MD5Hash | MD5 Hash Value (email and electronic documents) |

## Interrogatories

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson request answers to the following Interrogatories within thirty (30) days.

**INTERROGATORY NO. 1:**  Identify all officers, directors and employees of RMA who had any role in the release of the Deliverance EP and describe each person's involvement in the release.

**INTERROGATORY NO. 2:**  Identify all persons who were or are responsible for or participated in the decision(s) to use the PRINCE® trademark, the ☥ symbol, the name Prince Rogers Nelson, and the image and likeness of Prince Rogers Nelson to promote and sell the Deliverance EP, and describe each person's participation and responsibility.

**INTERROGATORY NO. 3:** Identify all third parties who played any role in the development, promotion and sale of the Deliverance EP and identify the role each person or entity played.

**INTERROGATORY NO. 4:** Identify each Prince Work you received after April 21, 2016, and describe when you received it, who sent it to you, who received it, how you received it, and any documents that relate to the transmission.

**INTERROGATORY NO. 5:** For each Prince Work you provided to a third party after April 21, 2016, provide the name of the work, the person who transmitted the work, the person or entity who received the work, the method of distribution, and any documents that relate to the transmission.

**INTERROGATORY NO. 6:** Identify each Prince Work you offered for streaming, download or sale and the channels through which you offered each work.

**INTERROGATORY NO. 7:** Describe in detail any communications you had with any third party concerning Plaintiffs or Plaintiffs' intellectual property rights and any actions you took as a result of such communications.

**INTERROGATORY NO. 8:** Describe each and every instance you are aware of in which any person has been in any way confused, mistaken, or deceived as to the origin or sponsorship of the Deliverance EP.

**INTERROGATORY NO. 9:** Identify the gross and net profit you derived, directly or indirectly, from the Deliverance EP and explain how you calculated net profit.

**INTERROGATORY NO. 10:** Identify all Prince Works in your possession, custody or control, whether digital or physical.

## Requests for Production of Documents

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson request Responses to the following Requests for Production and production of the requested documents at Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 within thirty (30) days.

**REQUEST 1:** All documents that evidence, refer or relate to the Confidentiality Agreement between George Ian Boxill and Paisley Park Enterprises, dated March 13, 2004.

**REQUEST 2:** All documents that evidence, refer or relate to your contention that you have the legal right to exploit the Prince Works on the Deliverance EP.

**REQUEST 3:** All documents that relate to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 4:** All documents that evidence, refer or relate to meetings involving George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 5:** All emails with George Ian Boxill.

**REQUEST 6:** All emails with Christopher Connolly.

**REQUEST 7:** All Prince Works in your possession, custody or control.

**REQUEST 8:**  All contracts, understandings or agreements you have relating to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 9:**  All documents that evidence, refer or relate to the timing, circumstances, format and content of Prince Works you received after April 21, 2016, including but not limited to the creation, uploading or transmission of Prince Works on file sharing services.

**REQUEST 10:**  All documents that evidence, refer or relate to the copying, dissemination, promotion, use, reproduction, sale, distribution and/or exploitation of Prince Works.

**REQUEST 11:**  All documents that evidence, refer or relate to your efforts to market and promote the Deliverance EP.

**REQUEST 12:**  All documents that evidence, refer or relate to the design and development of the websites princerogersnelson.com and deliverance.is, the Facebook pages you used to promote the Deliverance EP, and the artwork and packaging for the Deliverance EP.

**REQUEST 13:**  Documents sufficient to show each visual, oral, and other manner in which you have presented, or permitted the presentation of, the PRINCE® trademark, the ☥ symbol, the name "Prince Rogers Nelson," and the image or likeness of Prince Rogers Nelson.

**REQUEST 14:**  All documents that evidence, refer or relate to the decision to use the PRINCE® trademark, the ⚥ symbol, the name Prince Rogers Nelson, and the image and likeness of Prince Rogers Nelson to promote and sell the Deliverance EP.

**REQUEST 15:**  All documents that evidence, refer or relate to the creation and use of music videos to promote the Deliverance EP.

**REQUEST 16:**  All press releases, interviews and statements relating to the Deliverance EP and/or this lawsuit.

**REQUEST 17:**  All documents relating to the registration, use and ownership of the domain name princerogersnelson.com.

**REQUEST 18:**  All documents concerning any observations, perceptions, impressions, or inquiries as to whether the Deliverance EP is produced by, sponsored, or endorsed by, or in any manner associated with or affiliated with the Prince Estate.

**REQUEST 19:**  Documents sufficient to show the activities and expenditures for advertising and promotion of the Deliverance EP.

**REQUEST 20:**  Documents sufficient to show the activities and expenditures for production of the Deliverance EP.

**REQUEST 21:**  Documents sufficient to show the activities and expenditures for music videos for the Deliverance EP.

**REQUEST 22:**  Documents sufficient to show the activities and expenditures for press representation for the Deliverance EP.

**REQUEST 23:**  Documents sufficient to show the activities and expenditures for manufacture and packing for the Deliverance EP.

**REQUEST 24:**  Documents sufficient to show the activities and expenditures for radio advertising for the Deliverance EP.

**REQUEST 25:**  Documents sufficient to show the activities and expenditures for website development for the Deliverance EP.

**REQUEST 26:**  Documents sufficient to identify the number of sales, downloads or other transfers of the Deliverance EP.

**REQUEST 27:**  Documents sufficient to show the gross and net profits you realized, directly or indirectly, from the Deliverance EP.

**REQUEST 28:**  All documents that evidence, refer or relate to sales projections for the Deliverance EP.

**REQUEST 29:**  All documents that evidence, refer or relate to the formation, ownership and financing of Deliverance, LLC, including the amount of financing and the source(s) of funds.

**REQUEST 30:**  All emails and other communications you had with any third party relating to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit, including but not limited to Lionhawk Records, Moniker Music Group, Joshua Loveless, CD Baby, Ditto Music, Amped Distribution, Select-o-Hits, Urban Outfitters, iHeartMedia Communications, Destiny Media Technologies, Rogers & Cowan, Bonhoeffer Brothers Media, Jeff McClusky & Associates, Vinyl Record Pressing LLC, Zync Music Group, Westlake Studios, Drew

Lavyne, Marteen Andruet, Jeremy Larson, Cora Dunham, Josh Dunham, Charles Jones, Morris Hayes, Michael Bland, Sonny T., Eric Hurtgen and Ben Coleman.

**REQUEST 31:**  All copyright assignments and work for hire agreements relating to the Deliverance EP.

**REQUEST 32:**  All emails and other communications with Prince, any representative of the Prince Estate, or any heir or potential heir of the Prince Estate, regarding George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 33:**  Documents sufficient to show any graphic, package, video or other designer contacted or engaged with respect to the preparation of any materials relating to the Deliverance EP and all communications you had with each designer.

**REQUEST 34:**  All documents concerning any opinion letter, analysis or other communication concerning whether you have the freedom, right, or ability to use the PRINCE® trademark, the  symbol, the name Prince Rogers Nelson, and/or the image and likeness of Prince Rogers Nelson, including but not limited to the domain name princerogersnelson.com.

**REQUEST 35:**  All documents you rely upon to support any defense you assert in this action.

Dated:  December 1, 2017

Lora M. Friedemann (#0259615)
Grant D. Fairbairn (#0327785)
Joseph J. Cassioppi (#0388238)
Anne Rondoni Tavernier (#0398516)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000

lfriedemann@fredlaw.com
gfairbairn@fredlaw.com
jcassioppi@fredlaw.com
arondonitavernier@fredlaw.com

*Attorneys for Plaintiffs*

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paisley Park Enterprises, Inc. and
Comerica Bank & Trust, N.A. as Personal
Representative for the Estate of Prince
Rogers Nelson,

          Plaintiffs,

v.

George Ian Boxill, Rogue Music Alliance,
LLC, and Deliverance, LLC,

          Defendants.

Court File No.  17-cv-1212 WMW/TNL

**PLAINTIFFS' FIRST SET OF
DISCOVERY TO
DELIVERANCE, LLC**

---

      Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as

Personal Representative for the Estate of Prince Rogers Nelson hereby serve the

following Interrogatories and Requests for Production of Documents on Rogue Music

Alliance, LLC pursuant to Fed. R. Civ. P. 26, 33 and 34.

### Definitions and Instructions

These requests are subject to the Definitions and Instructions set forth below.

    1.    <u>Document</u>.  The term "document" has the broadest meaning ascribed to it

under Rule 34.

    2.    <u>"You," "Your" and "Deliverance, LLC."</u>  The terms "you," "your" and

"Deliverance, LLC" shall mean Deliverance, LLC and its principals, officers, directors,

agents, employees, attorneys, and representatives.

    3.    <u>"Prince."</u>  "Prince" refers to Prince Rogers Nelson.

4.      "Prince Works." "Prince Works" includes all musical works that were written by Prince Rogers Nelson, either in whole or in part, or that contain one or more performances by Prince Rogers Nelson, and includes, but is not limited to, the works on the Deliverance EP.

5.      "Deliverance EP." The Term "Deliverance EP" refers to the album as a whole and each track contained on the album, including the secret track contained on the vinyl records.

6.      Inability to Answer in Full. If you cannot answer or respond to the following discovery requests in full after exercising due diligence to secure the information to do so, please respond to the fullest extent possible, specify your inability to answer or respond to the remainder, and state whatever information or knowledge you have concerning the portion of the request to which you were unable to answer or respond.

7.      Objections. If you object to a document request on any basis, you shall produce documents or otherwise respond to the fullest extent possible, state the materials being withheld, and detail the basis for so doing as required by Fed. R. Civ. P. 34(2)(C).

8.      Time Period. Unless otherwise indicated, these discovery requests seek information from April 21, 2016 through the date of production.

9.      Scope of Production.

   A.    Duplication:   To reduce the cost of review and production, the parties may choose to use custodian level de-duplication to remove exact duplicate files from review and production. For non-email electronic files, the identification of duplicate files should be based on MD5 or SHA-1 hash values. Email duplicates should be

identified based on algorithms that utilize at least the following email metadata fields: Date/Time Sent; Subject; From; To; CC; Email body. Family groups – parent and child documents – should not be separately eliminated unless both the parent and child documents are identical to another set of parent and child documents.

B.     <u>Handling of System Files with No Evidentiary Value</u>:  The parties shall undertake reasonable efforts to remove non-responsive system files from the ESI collection, including filtering the ESI collection against the National Software Reference Library (NSRL) National Institute of Technology (NIST) file listing prior to production.

C.     <u>Document Family Relationships</u>:  The parent-child relationships between documents and their attachments shall be maintained.

10.  <u>Form of Production</u>.

A.     <u>Document Image Format</u>:    Paper documents and ESI that is conducive to being displayed in an image form shall be produced as 300 DPI CCITT Group Four compression black & white single page TIFF images.  JPG and GIF image files shall be produced as color images and shall be delivered in either JPEG compression TIFF or JPEG images.

Production images shall be endorsed with a sequential padded alphanumeric bates number (e.g. ABC000001) and appropriate protective declarations.  No spaces or dashes shall appear between the production prefix (ABC) and the padded production number (000001).    Production images shall be named to match the corresponding page bates number endorsement (e.g. ABC000001.tif).  Each producing entity or person shall use a different prefix to identify their documents (e.g., PPE for Paisley Park Enterprises, BOX for Boxill, RMA for Rogue Music, LLC, and DEL for Deliverance, LLC).

B.     <u>Native File Production</u>:  Electronic files that cannot be readily converted to an image format shall be produced with a TIFF image placeholder and in their native file format.  Examples of files that cannot readily be converted to image format include: spreadsheets (Excel), databases (Access), Autocad Drawings, audio files and video files.  An exception will be made for such files that contain privileged information.  The producing party shall have the option of

producing these files in a redacted image format or as a modified native file.

Native files shall be accompanied by a load file cross-referencing the endorsed bates number on the corresponding TIFF image placeholder page (e.g. ABC000001.xls). Native files containing protective declarations shall have the protective declaration endorsed on the placeholder page and as part of the load file cross reference.

C.   Load Files:  Each production set shall be accompanied by a load file that unitizes the production images into their logical document and document attachment boundaries.  Claimants will use a standard Concordance delimited load file format, that contains an OPT and a DAT load file with each production set.

Sample OPT image load file:

ABC000001,,\001\ABC000001.TIF,Y,,,
ABC000002,,\001\ABC000002.TIF,,,,
ABC000003,,\001\ABC000003.TIF,,,,
ABC000004,,\001\ABC000004.TIF,Y,,,
ABC000005,,\001\ABC000005.TIF,Y,,,
ABC000006,,\001\ABC000006.TIF,,,,

D.   Metadata:   Absent an agreement to the contrary, the following metadata fields and confidential designation information shall be provided in a delimited file for all production documents:

| | | |
|---|---|---|
| 1) | BegProd | Beginning Production # (all documents) |
| 2) | EndProd | Ending Production # (all documents) |
| 3) | BegAttach | Beginning Attachment # (all documents) |
| 4) | EndAttach | Ending Attachment # (all documents) |
| 5) | ParentID | Parent Production # (all documents) |
| 6) | ProtectiveDeclaration | Confidentiality Designation (all documents) |
| 7) | PageCount | Page Count (all documents) |
| 8) | Custodian | Custodian (all documents) |
| 9) | Author | Author (electronic documents) |
| 10) | From | From (sender of email) |
| 11) | To | To (recipient of email) |
| 12) | CC | CC (line of email) |
| 13) | BCC | BCC (line of email) |

| 14)DateLastModified | Last Modified Date (electronic documents) |
|---|---|
| 15)DateReceived | Received Date (email documents) |
| 16)DateSent | Sent Date (email documents) |
| 17)DocExtension | File Extension (email and electronic documents) |
| 18)EmailSubject | Email Subject (email documents) |
| 19)Filename | Filename (electronic documents) |
| 20)Filesize | Filesize (email and electronic documents) |
| 21)Folder | Folder (email and electronic documents) |
| 22)MD5Hash | MD5 Hash Value (email and electronic documents) |

### Interrogatories

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson request answers to the following Interrogatories within thirty (30) days.

**INTERROGATORY NO. 1:** Identify all officers, directors and employees of Deliverance, LLC who had any role in the release of the Deliverance EP and describe each person's involvement in the release.

**INTERROGATORY NO. 2:** Identify all persons who were or are responsible for or participated in the decision(s) to use the PRINCE® trademark, the ☥ symbol, the name Prince Rogers Nelson, and the image and likeness of Prince Rogers Nelson to promote and sell the Deliverance EP, and describe each person's participation and responsibility.

- 5 -

**INTERROGATORY NO. 3:**  Identify all third parties who played any role in the development, promotion and sale of the Deliverance EP and identify the role each person or entity played.

**INTERROGATORY NO. 4:**  Identify each Prince Work you received after April 21, 2016, and describe when you received it, who sent it to you, who received it, how you received it, and any documents that relate to the transmission.

**INTERROGATORY NO. 5:**  For each Prince Work you provided to a third party after April 21, 2016, provide the name of the work, the person who transmitted the work, the person or entity who received the work, the method of distribution, and any documents that relate to the transmission.

**INTERROGATORY NO. 6:**  Identify each Prince Work you offered for streaming, download or sale and the channels through which you offered each work.

**INTERROGATORY NO. 7:**  Describe in detail any communications you had with any third party concerning Plaintiffs or Plaintiffs' intellectual property rights and any actions you took as a result of such communications.

**INTERROGATORY NO. 8:**  Describe each and every instance you are aware of in which any person has been in any way confused, mistaken, or deceived as to the origin or sponsorship of the Deliverance EP.

**INTERROGATORY NO. 9:**  Identify the gross and net profit you derived, directly or indirectly, from the Deliverance EP and explain how you calculated net profit.

**INTERROGATORY NO. 10:**  Identify all Prince Works in your possession, custody or control, whether digital or physical.

## Requests for Production of Documents

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson request Responses to the following Requests for Production and production of the requested documents at Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 within thirty (30) days.

**REQUEST 1:**  All documents that evidence, refer or relate to the Confidentiality Agreement between George Ian Boxill and Paisley Park Enterprises, dated March 13, 2004.

**REQUEST 2:**  All documents that evidence, refer or relate to your contention that you have the legal right to exploit the Prince Works on the Deliverance EP.

**REQUEST 3:**  All documents that relate to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 4:**  All documents that evidence, refer or relate to meetings involving George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 5:**  All emails with George Ian Boxill.

**REQUEST 6:**  All emails with Christopher Connolly.

**REQUEST 7:**  All Prince Works in your possession, custody or control.

**REQUEST 8:**  All contracts, understandings or agreements you have relating to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 9:**  All documents that evidence, refer or relate to the timing, circumstances, format and content of Prince Works you received after April 21, 2016, including but not limited to the creation, uploading or transmission of Prince Works on file sharing services.

**REQUEST 10:**  All documents that evidence, refer or relate to the copying, dissemination, promotion, use, reproduction, sale, distribution and/or exploitation of Prince Works.

**REQUEST 11:**  All documents that evidence, refer or relate to your efforts to market and promote the Deliverance EP.

**REQUEST 12:**  All documents that evidence, refer or relate to the design and development of the websites princerogersnelson.com and deliverance.is, the Facebook pages you used to promote the Deliverance EP, and the artwork and packaging for the Deliverance EP.

**REQUEST 13:**  Documents sufficient to show each visual, oral, and other manner in which you have presented, or permitted the presentation of, the PRINCE® trademark, the symbol, the name "Prince Rogers Nelson," and the image or likeness of Prince Rogers Nelson.

**REQUEST 14:**  All documents that evidence, refer or relate to the decision to use the PRINCE® trademark, the ☥ symbol, the name Prince Rogers Nelson, and the image and likeness of Prince Rogers Nelson to promote and sell the Deliverance EP.

**REQUEST 15:**  All documents that evidence, refer or relate to the creation and use of music videos to promote the Deliverance EP.

**REQUEST 16:**  All press releases, interviews and statements relating to the Deliverance EP and/or this lawsuit.

**REQUEST 17:**  All documents relating to the registration, use and ownership of the domain name princerogersnelson.com.

**REQUEST 18:**  All documents concerning any observations, perceptions, impressions, or inquiries as to whether the Deliverance EP is produced by, sponsored, or endorsed by, or in any manner associated with or affiliated with the Prince Estate.

**REQUEST 19:**  Documents sufficient to show the activities and expenditures for advertising and promotion of the Deliverance EP.

**REQUEST 20:**  Documents sufficient to show the activities and expenditures for production of the Deliverance EP.

**REQUEST 21:**  Documents sufficient to show the activities and expenditures for music videos for the Deliverance EP.

**REQUEST 22:**  Documents sufficient to show the activities and expenditures for press representation for the Deliverance EP.

**REQUEST 23:**  Documents sufficient to show the activities and expenditures for manufacture and packing for the Deliverance EP.

**REQUEST 24:**  Documents sufficient to show the activities and expenditures for radio advertising for the Deliverance EP.

**REQUEST 25:**  Documents sufficient to show the activities and expenditures for website development for the Deliverance EP.

**REQUEST 26:**  Documents sufficient to identify the number of sales, downloads or other transfers of the Deliverance EP.

**REQUEST 27:**  Documents sufficient to show the gross and net profits you realized, directly or indirectly, from the Deliverance EP.

**REQUEST 28:**  All documents that evidence, refer or relate to sales projections for the Deliverance EP.

**REQUEST 29:**  All documents that evidence, refer or relate to the formation, ownership and financing of Deliverance, LLC, including the amount of financing and the source(s) of funds.

**REQUEST 30:**  All emails and other communications you had with any third party relating to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit, including but not limited to Lionhawk Records, Moniker Music Group, Joshua Loveless, CD Baby, Ditto Music, Amped Distribution, Select-o-Hits, Urban Outfitters, iHeartMedia Communications, Destiny Media Technologies, Rogers & Cowan, Bonhoeffer Brothers Media, Jeff McClusky & Associates, Vinyl Record Pressing LLC, Zync Music Group, Westlake Studios, Drew

Lavyne, Marteen Andruet, Jeremy Larson, Cora Dunham, Josh Dunham, Charles Jones, Morris Hayes, Michael Bland, Sonny T., Eric Hurtgen and Ben Coleman.

**REQUEST 31:**  All copyright assignments and work for hire agreements relating to the Deliverance EP.

**REQUEST 32:**  All emails and other communications with Prince, any representative of the Prince Estate, or any heir or potential heir of the Prince Estate, regarding George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park Enterprises and/or this lawsuit.

**REQUEST 33:**  Documents sufficient to show any graphic, package, video or other designer contacted or engaged with respect to the preparation of any materials relating to the Deliverance EP and all communications you had with each designer.

**REQUEST 34:**  All documents concerning any opinion letter, analysis or other communication concerning whether you have the freedom, right, or ability to use the PRINCE® trademark, the ♀ symbol, the name Prince Rogers Nelson, and/or the image and likeness of Prince Rogers Nelson, including but not limited to the domain name princerogersnelson.com.

**REQUEST 35:**  All documents you rely upon to support any defense you assert in this action.

Dated: December 1, 2017

Lora M. Friedemann (#0259615)
Grant D. Fairbairn (#0327785)
Joseph J. Cassioppi (#0388238)
Anne Rondoni Tavernier (#0398516)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000

lfriedemann@fredlaw.com
gfairbairn@fredlaw.com
jcassioppi@fredlaw.com
arondonitavernier@fredlaw.com

*Attorneys for Plaintiffs*

# EXHIBIT C



March 2, 2018

Candace Kwon                                                              *Via email*
Rastegar Law Group
22760 Hawthorne Boulevard, Suite 200
Torrance, CA  90505

Re:     Paisley Park Enterprises v. Boxill, Case No. 17-cv-1212 WMW/TNL

Dear Ms. Kwon:

I write regarding some of the most pressing deficiencies in Defendants' discovery responses and document production.  This letter is by no means exhaustive, but instead addresses some of the overarching, pervasive problems with Defendants' document production and responses.

<u>Inadequate and Incomplete Production</u>

As you know, Defendants failed to respond to our discovery requests for several months.  We agreed to refrain from filing a motion to compel based on your firm's representation that we would receive complete written responses and a full production by February 15.  Unfortunately, that representation proved inaccurate.  The sparse productions do not represent a good faith effort to respond to Plaintiffs' discovery requests.  Defendants must immediately remedy the deficiencies in their productions and produce the documents and materials responsive to our requests.

<u>Failure to Produce Emails</u>

All three Defendants failed to produce emails.  Defendants RMA and Deliverance, LLC did not produce any email messages.  Defendant Boxill cherry-picked the emails he produced, and failed to produce emails that have been produced by other parties.

<u>Failure to Produce Text Messages</u>

Defendants failed to produce text messages.  Defendants RMA and Deliverance, LLC produced a read receipt for a text message sent to Troy Carter, the Estate's entertainment advisor, but did not produce the text message that was sent to Mr. Carter.  Furthermore, if the Defendants have other relevant text messages they must be produced.

Attorneys & Advisors  /  Fredrikson & Byron, P.A.
main  612.492.7000  /  200 South Sixth Street, Suite 4000
fax  612.492.7077  /  Minneapolis, Minnesota
fredlaw.com       /  55402-1425

MEMBER OF THE WORLD SERVICES GROUP  /  OFFICES:
A Worldwide Network of Professional Service Providers  /  Minneapolis / Bismarck / Des Moines / Fargo / St. Paul / Monterrey, Mexico / Shanghai, China

Candace Kwon
March 2, 2018
Page 2

<u>Non-Compliance with Rule 34</u>

Defendants did not comply with Fed. R. Civ. P. 34 in their written responses. First, Defendants did not indicate whether they withheld documents based on the litany of objections they asserted. Under Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." The Defendants did not indicate whether they withheld documents based on any of the numerous objections they asserted.

Moreover, Defendants' written responses included numerous improper "General Objections." Indeed, each response incorporates a litany of general objections and numerous other boilerplate objections. These objections are improper and ineffective. *See, e.g., Sagness v. Duplechin*, No. 4:16CV3152, 2017 WL 1183988 at *2 (D. Neb. March 29, 2017) ("General blanket objections do not meet [the] specificity requirements and will be disregarded by this court."); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, No. C 14-3041-MWB, 2017 WL 976626 at * 11 (N.D. Iowa March 13, 2017) ("simply stating that a response is 'subject to' one or more general objections does not satisfy the 'specificity' requirement, because, for example, it leaves the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether the documents or answers provided are complete, or whether responsive documents are being withheld"); *Gowan v. Mid Century Ins.* Co., 309 F.R.D. 503, 512 (D.S.D. 2015) ("The court overrules these [general] objections entirely as to each and every discovery response that is preceded by this litany of general objections. The Federal Rules of Civil Procedure require a party objecting to discovery to show specifically how each discovery request is irrelevant or otherwise not subject to discovery.").

Please provide written responses to Plaintiffs' document requests that comply with the Federal Rules of Civil Procedure.

<u>Improper Privilege Claims</u>

Defendants are withholding documents based on improper claims of privilege. The privilege logs you provided list communications with third parties, and assert that they are protected under the attorney client privilege. The log even lists communications between Defendants, former counsel, Christopher Brown, and attorneys at Fredrikson & Byron on the grounds that they are protected attorney-client communications. Many of the logged documents do not include a lawyer and documents were improperly withheld based on "privacy." Needless to say, these are not good faith claims of privilege. Please provide privilege logs that list only those documents for which a good faith claim of privilege can be made and produce the documents that were improperly withheld.

Furthermore, as we discussed in connection with the arbitration, each email in an email chain must be logged separately. Attachments must also be logged separately. Magistrate Judge

Candace Kwon
March 2, 2018
Page 3

Leung's decision in *BreathableBaby, LLC v. Crown Crafts, Inc*., No. 12-cv-94, 2013 WL
3350594 at *10-11 (D. Minn. May 31, 2013) is clear on this point.

<u>Defendant Deliverance, LLC's Response to Request No. 8.</u>

Request No. 8 to Deliverance, LLC seeks "[a]ll contracts, understandings or agreements you
have relating to George Ian Boxill, Prince, Prince Works, the Deliverance EP, Paisley Park
Enterprises and/or this lawsuit." Deliverance, LLC asserted numerous objections and then
indicated that "Documents in Defendant's possession, custody or control that are responsive to
this request" were produced. As you know, Deliverance, LLC has yet to produce any documents
relating to its structure, ownership, operation, or management. Although we have no way of
knowing what documents exist, Mr. Boxill testified that there is a contract that establishes the
ownership in the company and how profits will be divided.

We understand that you are taking the position that the contract is not in your client's
"possession, custody or control." It is inconceivable to us that Deliverance, LLC does not have
possession, custody or control of the contract or contracts that establish the governance and
ownership of the company. If your clients have the legal right to obtain the contract from a third
party, then it is within your clients' possession, custody or control. *See, e.g., In re Hallmark
Capital Corporation*, 534 F. Supp. 2d 981, 982 (D. Minn. Jan. 29, 2008) (holding that documents
are within a litigant's possession, custody or control if the litigant "has the legal right to obtain
the documents on demand"); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn.
May 24, 2000) (production is required if litigant has "practical ability to obtain the documents
from another"); *Gowan v. Mid Century Ins. Co*., 309 F.R.D. 503, 509 (D. Minn. Sept. 11, 2015)
("Because a client has the right, and the ready ability, to obtain copies of documents gathered or
created by its attorneys pursuant to their representation of that client, such documents are clearly
within the client's control."). Please produce the documents responsive to this request.

<u>Failure to Produce Documents Relating to Development and Promotion of Deliverance EP</u>

On April 17, 2017, Defendant Rogue Music Alliance ("RMA") filed an Affidavit of David
Staley summarizing the expenditures RMA made on advertising, production costs, film
production, press representation, vinyl production, radio advertising, CD production and web
development. *See* ECF No. 26. Request Nos. 11, 12, 15, and 19-25 seek documents relating to
these efforts. RMA did not produce the requested documents.

<u>Failure to Produce Sales Information</u>

Request Nos. 26 and 27 to Defendants RMA and Deliverance, LLC seek documents relating to
the sales of the Deliverance EP and the gross and net profits received. Defendants failed to
produce the requested documents.

Candace Kwon
March 2, 2018
Page 4

<u>Failure to Produce Documents Regarding Completion of Music on the Deliverance EP.</u>

Defendants contend that Mr. Boxill made substantial contributions to the songs after Prince passed away, but failed to produce documents relating to those efforts. Specifically, Request No. 20 to Defendants RMA and Deliverance, LLC seeks documents "sufficient to show the activities and expenditures for production of the Deliverance EP." Request No. 3 to Defendant Boxill seeks documents "that evidence, refer or relate to the development of the Prince Works on the Deliverance EP, including the creation, performance, mixing and production." Defendants failed to produce documents responsive to these requests.

<u>Defendant Boxill's Failure to Produce Documents Possessed by Counsel</u>

Defendant Boxill objected to several requests on the grounds that the responsive documents are contained on the massive hard drive Mr. Boxill provided to Plaintiffs' counsel under Judge Wright's preliminary injunction order. *See, e.g.*, Responses to Request Nos. 1, 3-10, 17 and 18. Defendant Boxill cannot avoid his obligation to produce responsive documents by referring to the materials on the hard drive. As you know, the drive contains thousands of files, most of which have no bearing on the claims and defenses in this action. We understand that Mr. Boxill's counsel has a duplicate copy of the hard drive. Please locate the responsive documents on the hard drive and produce the documents responsive to Plaintiffs' requests.

<u>Defendant Boxill's Response to Request No. 14.</u>

Request No. 14 seeks "[a]ll documents that evidence, refer or relate to any opinion or opinion letter concerning Prince Works on the Deliverance EP." Defendant Boxill objected to the request on the grounds that it seeks information protected from discovery under the attorney-client privilege. As you know, attorney Christopher Brown wrote an opinion letter regarding Mr. Boxill's contention that he is a joint author of the works on the Deliverance EP, and the Defendants provided the letter to third parties to assuage concerns about the legality of the release. Defendants produced the final opinion letter and a draft. Plaintiffs have also received emails discussing the draft. Mr. Brown's opinion letter is not privileged, and even if it might have been privileged at some point, the privilege was waived. Please confirm that you will produce all documents that relate to the advice the Defendants received on joint authorship. Furthermore, if Mr. Boxill intends to rely on any other opinions he received from counsel to defend this action, they must also be produced.

<u>Waiver of Privilege on Trademark Advice</u>

Interrogatory No. 2 to RMA and Deliverance, LLC sought information regarding the decision to use the PRINCE® trademark, the Love Symbol, and the name and likeness of Prince to promote the Deliverance EP. RMA and Deliverance, LLC stated in their answers that they relied on advice from attorney Chris Brown. Doing so waives the attorney-client privilege for all

Candace Kwon
March 2, 2018
Page 5

communications and documents "relating to the advice." *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673, 675 (D. Minn. Aug. 9, 2002). Please confirm that Defendants will produce all communications with Brown relating to the use of Prince's name, image, likeness and trademarks.

<u>Defendant Boxill's Response to Request No. 34.</u>

Request No. 34 sought Mr. Boxill's calendar from the date Prince died (April 21, 2016) to present. Mr. Boxill objected to the request as "manifestly irrelevant," and on the ground that it invades Mr. Boxill's privacy. Mr. Boxill's calendar is relevant because it will help Plaintiffs identify the events that occurred from the time Prince died to the attempted release of the album. Mr. Boxill's "privacy" concerns are addressed by the protective order. Please withdraw your objections and produce Mr. Boxill's calendar for the relevant time period.

<u>Responses to Request No. 35.</u>

Request No. 35 seeks documents Defendants rely upon to support their claims and defenses. You objected to the request to Mr. Boxill as "vague and ambiguous and unduly burdensome," and to the requests to RMA and Deliverance as "[a]rgumentative, overbroad, vague and ambiguous, calls for a legal conclusion." Plaintiffs are entitled to receive the documents Defendants rely upon to defend the action. Please withdraw the objections and produce the requested documents.

<u>Failure to Comply with ESI Protocol</u>

Under the ESI protocol, Defendants have the option of uploading native files directly to an FTP site as provided in Paragraph 4 or producing TIFF images with metadata and load files as provided in Paragraph 3. The protocol specifically states that it is not acceptable to produce non-PDF files in PDF format.

Defendants produced some TIFF files without providing the metadata and load files required under Paragraph 3. Specifically, the TIFF productions with bates prefixes AAA-DEL, BOX, FED and RMA do not comply with Paragraph 3 because the corresponding image (OPT) and metadata (DAT) load files were not provided as required under Paragraphs 3C and D. The same problem exists with the production of the native .xlsx, .key and .numbers files and their TIFF placeholders.

Defendant Boxill's production included some PDFs. PDF is only a proper format for production if the document was originally maintained in that format.

Furthermore, it appears that PDFs were improperly redacted. *See* the attached PDFs titled "2.pdf" and "3.pdf". The document titled "2.pdf" contains an email with an invisible, white

Candace Kwon
March 2, 2018
Page 6

redaction.  The document titled "3.pdf" shows that text was, in fact, redacted from "2.pdf".  It should go without saying that text cannot be redacted when documents are produced unless the redaction is made for privilege, is reflected on a privilege log, and the redaction is clearly marked on the document.  We do not know if there are other unmarked redactions in the production.

Finally, it appears that attachments were either omitted from the collection or were manually removed.  All attachments referenced in the emails must be produced.

Please remedy these discovery deficiencies within the next two weeks.  If you are unwilling to do so, please provide a written response explaining why you are refusing to provide this discovery and indicate when you are available to meet and confer regarding these discovery failures.

Sincerely,

Lora M. Friedemann
**Direct Dial:** 612.492.7185
**Email:** lfriedemann@fredlaw.com

cc:    Douglas Perlman, Esq. (via email)
       Kieran Hartley, Esq. (via email)
       Farzad Rastegar, Esq. (via email)
       Paul Godfread, Esq. (via email)
       Grant Fairbairn, Esq. (via email)
       Anne Rondoni Tavernier, Esq. (via email)

LMF:art

63429431.1

**From:**      Christopher Brown
**To:**        "Ian Boxill"; "Christopher Nils Connolly"
**Subject:**   RE: Atlantic Records and Fox Pictures
**Date:**      Friday, September 23, 2016 6:36:24 PM

From:<=b> =an Boxill [mailto:ianb007@mac.com]
**Sent:** Wednesday, =eptember 21, 2016 4:32 PM
**To:** Christopher Nils Connolly =lt;cnilsc@cox.net>
**Cc:** =brown@brownrosen.com
**Subject:** Re: Atlantic Records and Fox =ictures

Sounds good Chris. You can =ive me the details as I will be back Thursday. As you know.
=o:p>

My birth date is 

Sent from BlueMail

On Sep 21, 2016, at 5:27 AM, Christopher Nils Connolly =lt;cnilsc@cox.net> =rote:

> Ian, I have been trying =o get hold of you. We have a good deal from
> Atlantic Records: =250,000,00 up front plus all our production costs. They
> will also pay =or the video and put the weight of Warner Bro's behind the
> single and =lbum as will Fox Pictures. Not to mention the estate are now on
> board =ith us.
>
> We have a deadline to meet concerning the tracks final =ix which is midnight
> tomorrow. I need you to send me all the files ASAP =lease so we do not blow
> this deal as well sign the assignment agreement =nd send it also along with
> your date of birth so Chris Brown can to the =opyright .
>
> Chris Brown and I have worked hard to get to this =oint Ian.
>
> Thanks =br>Chris.

</html>

| | |
|---|---|
| **From:** | Ian Boxill |
| **To:** | Chris Brown |
| **Subject:** | Re: Atlantic Records and Fox Pictures |
| **Date:** | Saturday, September 24, 2016 9:37:26 AM |

I can talk today.


Ian Boxill
(310)766-2303
www.ianboxill.com



> On Sep 23, 2016, at 6:36 PM, Christopher Brown <cbrown@brownrosen.com>
> wrote:
>
> Ian:
>
> Can you talk =onight?
>
>
> Christopher Brown, =sq.
> Managing Member
> Brown & Rosen LLC
> Attorneys At Law
> 100 State Street, Suite 900
> Boston, MA 02109
> 617-728-9111 (T)
> 617-695-3202 (F)
> www.brownrosen.com
>
>
> **From:** Ian Boxill =mailto:ianb007@mac.com]
> **Sent:** Wednesday, September 21, =016 4:32 PM
> **To:** Christopher Nils Connolly =lt;cnilsc@cox.net>**Cc:** Cbrown@brownrosen.com
> **Subject:** Re: Atlantic Records and =ox Pictures
>
> Sounds good Chris. =ou can give me the details as I will be back Thursday. As you =now.
>
> My =irth date is ▇▇▇▇▇▇▇
>
> Sent from BlueMail
>
> On Sep 21, 2016, at 5:27 AM, Christopher Nils Connolly <cnilsc@cox.net>
> =rote:
>
>> Ian, I have been trying to get hold of you. We have a good
>> =eal from Atlantic Records: $250,000,00 up front plus all
>> our production =osts. They will also pay for the video and
>> put the weight of Warner =ro's behind the single and album
>> as will Fox Pictures. Not to mention =he estate are now on
>> board with us.
>>
>> We =ave a deadline to meet concerning the tracks final mix

which is =idnight tomorrow. I need you to send me all the
files ASAP please so we =o not blow this deal as well sign
the assignment agreement and send it =lso along with your
date of birth so Chris Brown can to the copyright . =br
class="">
Chris Brown and I have worked hard to get =o this point Ian.

Thanks
Chris.

<=r class="">
=