# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson,<br><br>Plaintiffs,<br><br>v.<br><br>George Ian Boxill, Rogue Music Alliance, LLC, Deliverance, LLC, David Staley, Gabriel Solomon Wilson, Brown & Rosen, LLC and Sidebar Legal, PC,<br><br>Defendants, | Case No. 17-cv-1212 (WMW/TNL)<br><br>**ORDER** |

Lora Mitchell Friedemann and Anne R. Rondoni Tavernier, Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 (for Plaintiffs);

Paul Allen Godfread, Godfread Law Firm, 6043 Hudson Road, Suite 305, Woodbury, MN 55125 (for Defendants George Ian Boxill, Rogue Music Alliance, LLC, Deliverance, LLC, David Staley, and Gabriel Solomon Wilson);

M. Gregory Simpson, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402 (for Defendant Brown and Rosen LLC); and

No appearance by or on behalf of Sidebar Legal PC.

This matter is before the Court on Plaintiffs' Motion to Compel Discovery from Sidebar Legal, PC (ECF No. 417). For the reasons set forth below, the Court will grant in part and deny in part the motion.

## I. BACKGROUND

Plaintiff Comerica Bank & Trust, N.A. is the personal representative for the estate of the late internationally known musician Prince Rogers Nelson ("Prince" and "Prince Estate"). Third Amend. Compl. ¶ 2 (ECF No. 262). The Prince Estate owns Plaintiff Paisley Park Enterprises, Inc. *Id*. The Prince Estate has an interest in various songs created by Prince, including those not released to the public. *Id*. at ¶ 3.

On April 14, 2017, Plaintiffs filed suit in state court against Defendant George Ian Boxill, a sound engineer who worked with Prince previously, alleging that Boxill took tracks of certain songs that he worked on with Prince and that Boxill edited, and released those songs without the Prince Estate's permission. (ECF No. 2, p. 3-5). Boxill removed the lawsuit to federal court on April 18, 2017. (ECF No. 1). Plaintiffs later filed an amended complaint in which they named Sidebar Legal, PC ("Sidebar") as a defendant. Third Amend. Compl. ¶ 18 (ECF No. 262). Plaintiffs allege that Sidebar induced, encouraged, contributed to, and materially participated in the infringement of the Prince Estate's intellectual property and tortuously interfered with a confidentiality agreement between Prince and Boxill. *Id*. at ¶ 25. Sidebar's CEO, sole corporate officer, and its registered agent for service of process is Matthew Wilson. (ECF No. 421-4, p. 60).

Plaintiffs attempted to serve the complaint and a document subpoena on Sidebar at its registered business address of 890 Cypress Avenue, Redding, California 96001. (ECF No. 421-4, pp. 60, 92). Sidebar also lists this address as its business address on its website. (ECF No. 421-4, p. 57). Plaintiffs discovered, however, that Sidebar no longer operates at this address. (ECF No. 421-4, p. 92).

Plaintiffs then contacted Wilson by e-mail and asked that he provide an updated address for Sidebar. (ECF No. 421-4, p. 92). Wilson did not respond to the e-mail. (ECF No. 421, p. 4). Plaintiffs then located Wilson's home address and served the complaint on him there. (ECF No. 326). Sidebar did not answer the complaint and was found to be in default. (ECF No. 341).

Following entry of default, Plaintiffs issued a revised subpoena for the production of documents to Sidebar, asking it to produce those documents at a law firm in Redding. (ECF No. 421-1, pp. 1-9). Because Sidebar still had not updated its registered address, Plaintiffs again served the subpoena on Wilson at his home address. (ECF No. 421-4, p. 94). Approximately two weeks later, Sidebar responded to the subpoena, with a cover letter listing the Cypress Avenue location as its business address. (ECF No. 421-4, p. 96). Sidebar objected to the subpoena for multiple reasons, including improper service, failure to provide witness fees and mileage, that the document requests were overly broad and irrelevant, that the subpoena sought documents protected by the attorney-client and work product privilege, and that the subpoena failed to allow a reasonable amount of time for its response. (ECF No. 421-4, pp. 97-99). Sidebar produced no documents and did not respond to Plaintiffs' request for a meet and confer regarding its objections. (ECF Nos 421, p. 5, 421-4, p. 101).

Plaintiffs then filed a motion to compel compliance with the subpoena in the Eastern District of California. *See* Order, *Paisley Park Enterprises, Inc. v. Boxill*, 19-mc-006, ECF No. 9. That court transferred the motion to the District of Minnesota for consideration. *Id*. The Court heard argument on this matter on February 5, 2019. Sidebar did not file a

responsive memorandum or otherwise appear at the hearing. Following argument from the other parties, the Court took this matter under advisement.

II. ANALYSIS

Plaintiffs move to compel discovery from Sidebar. Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This Court "has considerable discretion in granting or denying discovery requests[.]" *Bredemus v. Int'l Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008).

At the outset, the Court must consider whether it was appropriate for Plaintiffs to obtain discovery from Sidebar by way of a Rule 45 subpoena. Typically, Rule 45 subpoenas are used to obtain documents or testimony from non-parties. *First City, Texas-Houston, N.A. v. Rafidain Bank,* 197 F.R.D. 250, 255 n. 5 (S.D.N.Y.2000), *aff'd,* 281 F.3d 48 (2d Cir. 2002). Courts are split as to whether it is proper for a Rule 45 subpoena to be served on a party. *Compare Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 100 (D. Mass. 1996)

(holding documents sought from parties must be requested through Rule 34) *with Badman v. Stark,* 139 F.R.D. 601 (M.D. Pa. 1991) (permitting service of Rule 45 subpoena on party). The Court has not located a case in this district that addresses this issue directly.

The Court need not resolve this issue, however, because Sidebar is in default. "Federal courts have consistently held that a defaulting defendant should be treated as a non-party with respect to any discovery sought." *La Barbera v. Pass 1234 Trucking, Inc.*, No. 2004-cv-1364, 2008 WL 2564153 *1 (E.D.N.Y. June 25, 2008). This is because defaulting parties "lose[] many of the rights of a party," including the right to contest the factual allegations of the complaint. *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010). As a result, a party can obtain discovery from a defaulting party by way of a Rule 45 subpoena. *Blazek v. Capital Recovery Assoc., Inc.*, 222 F.R.D. 360, 361-62 (E.D. Wisc. 2004).

The Court therefore turns to the merits of Plaintiffs' motion. Plaintiffs seek documents related to the release of the Prince music at issue in this lawsuit, work that Sidebar performed for the other Defendants in this matter, and documents related to Deliverance LLC, an entity that was created for the release of the Prince music. (ECF No. 421-1, pp. 6-9). There is no doubt that Plaintiffs' requests are relevant to the issues presented by this litigation. Sidebar was one of the primary entities responsible for the release of the Prince EP and provided legal opinions to the other Defendants regarding the release of the music. It was also a part owner of Deliverance LLC. Plaintiffs' requests more than satisfy the relevancy standard of Rule 26.

Furthermore, Sidebar has filed no response to Plaintiffs' motion. On that basis alone, it would be appropriate to order Sidebar to comply with the subpoena. *Cf. Christensen v. PennyMac Loan Services, LLC*, 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) (collecting cases where court concluded failure to respond to motion to dismiss warranted dismissal). The Court will, however, consider the objections that Sidebar raised with Plaintiffs regarding the subpoena.

Sidebar first contends that Plaintiffs did not it serve the subpoena properly. In particular, it notes that the subpoena was "informally delivered to the residence of Matthew Wilson." (ECF No. 421-4, p. 97). Presumably, Sidebar is challenging the fact that the subpoena was not delivered to its registered address, despite the fact it no longer appears to operate from that address.

Federal Rule of Civil Procedure 45(b) allows service at any place in the United States by any person not a party to the lawsuit who is over the age of 18. Courts previously interpreted Rule 45(b) as requiring personal service. *Western Resources, Inc. v. Union Pacific R. Co.*, No. 00-2043, 2002 WL 1822432 *2 (D. Kan. July 23, 2002). In recent years, however, courts "have departed from that view" and permitted alternative means of service. *Boaz v. Federal Express Corp.*, 09-cv-2232, 2010 WL 11601290 *2 (W.D. Tenn. June 21, 2010). Whether Rule 45 requires personal service turns primarily on the deciding court's interpretation of "delivery" under Rule 45. The growing trend is for courts to permit "substitute service" of a Rule 45 subpoena, "so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to

6

quash." *Fujikara Ltd. v. Finisar Corp.*, 15-mc-80110, 2015 WL 5782351 *5 (N.D. Cal. Oct. 5, 2015).

Rule 45 also "does not specify what constitutes personal service on a corporation in the United States[.]" *Sanchez Y Martin, SA de CV v. Dos Amigos, Inc.*, 17-cv-1943, 2018 WL 2387580 *3 (S.D. Cal. May 24, 2018). Courts often rely on the service requirements of Federal Rule of Civil Procedure 4 to fill this gap. *In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 46 (2d Cir. 1985). Under Rule 4, a subpoena is properly served if delivered to "to an officer . . . authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy [] to the [person to whom the subpoena is directed]." Fed. R. Civ. P. 4(h)(1)(B). Service may also be performed in any manner authorized under state law. *Id*. at 4(h)(1)(A). Consistent with Rule 4 relevant here, California law authorizes a party to serve a subpoena on a corporation by delivering to a designated agent or officer of the corporation. Cal. Code of Civ. Proc. § 416.10(a). California law also allows for alternative service when a designated agent cannot be found at the address designated for personal service of process. In such cases, the Court may order that the party effect service by delivering "one copy of the process for each defendant to be served, together with a copy of the order authorizing such service" to the California Secretary of State. Cal. Corp. Code § 1702(a). The Secretary of State must then forward the service of process to the corporation's principal executive office or the last designated agent for service of process. *Id*. § 1702(b). If no agent or address can be identified, then no additional action need be

taken by the Secretary of State. *Id*. Service is deemed complete on the 10th day after delivery of the process to the Secretary of State. *Id*. § 1702(a).

In this case, Plaintiffs served the subpoena personally on Wilson, Sidebar's only corporate officer and registered agent, at the home address for Wilson. Though Plaintiffs did not serve the subpoena at Sidebar's registered address with the California Secretary of State, that is only because Sidebar has not kept current its registered address, nor identified any other address by which it could be served. As a result, if Plaintiffs could not serve Sidebar at Wilson's home address, then it likely would be impossible for them to ever serve Sidebar. Moreover, as evidenced by Wilson's response to the subpoena, it is apparent that Plaintiffs effected service in a manner that allowed Sidebar fair notice and the "opportunity to object or file a motion to quash." *Fujikara*, 2015 WL 5782351 at *5. Essentially, Plaintiffs did the all they could to ensure the subpoena was delivered personally to Sidebar's registered agent. The Court therefore concludes that Plaintiffs properly served the subpoena on Sidebar.

Out of an abundance of caution, however, and to ensure there can be no further argument regarding the adequacy of service, the Court will order Plaintiffs to re-serve Sidebar in two different ways. First, the Court will order Plaintiffs to mail a copy of this order, along with their subpoena, to Wilson's home address. Second, the Court will order Plaintiffs to serve a copy of this order and their subpoena through the California Secretary of State, as provided by section 1702 of the California Corporations Code. Service through each of these means will ensure that Sidebar cannot question in good faith the validity of

the process that Plaintiffs use in this matter, nor attempt to claim in good faith that it was unaware of the Court's order here.

Sidebar next objects to the subpoena on the ground that it "was not accompanied by the required witness fee and mileage allowed by law." (ECF No. 421-4, p. 97). This argument is completely without merit. Though the Federal Rules of Civil Procedure require the tendering of fees and mileage when a "subpoena requires that person's attendance," it is well established that a subpoena compelling only the production of documents need not be accompanied by such a tender because it does not require the appearance of the subpoenaed person. Fed. R. Civ. 45(b)(1); *Jackson v. Brinker*, 91-471-C, 1992 WL 404537 *2 (S.D. Ind. Dec. 21, 1992). In addition, were this Sidebar's primary reason for non-compliance with the subpoena, it should have, at a minimum, sought relief from the Court or raised this issue with Plaintiffs in the meet-and-confer session that they requested. The Court will not excuse Sidebar from complying with the subpoena on this basis.

Sidebar also contends that Plaintiffs' requests "are not reasonably related to any of the claims or defenses asserted in the above-captioned lawsuit and are otherwise beyond the scope of discovery as provided in Fed. R. Civ. P. 26(b)." (ECF No. 421-4, p. 97-98). In particular, Sidebar argues that the requests are overly broad, do not relate to facts or claims in the current pleadings, and not limited as to time frame. Sidebar fails, however, to identify how each specific request is deficient or how Sidebar would be harmed if it were required to respond. Mere statements like these constitute nothing more than boilerplate objections that are insufficient to preserve the objecting party's rights. *St. Paul Reinsurance Co. v. Comm. Financial Corp.*, 198 F.R.D. 508, 511, 512 (N.D. Iowa 2000). Further

emphasizing the fact Sidebar did nothing more than copy-and-paste a boilerplate objection that was not specific to this matter, Plaintiffs actually do limit the time frame of their requests to April 21, 2016 going forward, a time period that is quite reasonable given the issues in this litigation. Sidebar fails to show the subpoena should be quashed as unduly burdensome.

Sidebar next objects to the subpoena on the basis that the documents that Plaintiffs seek are protected by the attorney-client and work-product privileges. But a person that seeks to withhold information on this basis must expressly make the claim and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). Merely objecting on the grounds of privilege is insufficient.

Sidebar has not produced a privilege log and thus has not complied with Rule 45(e)(2). Some courts have found that failure to produce a privilege log results in a waiver of the privilege. *See Incompass IT, Inc. v. XO Communications Services, Inc.*, No. 10-cv-3864, 2011 WL 13233488 *4 (D. Minn. Nov. 14, 2011) (considering claim of waiver of attorney-client privilege). Typically, however, courts find such a waiver only when considering other factors, including the timeliness of the objection, magnitude of the document production, and any other relevant circumstances. *Id*. In this case, the Court will not conclude at this point that Sidebar's failure to produce a privilege log has resulted in a blanket waiver of privilege. The Court will therefore permit Sidebar to produce a privilege log when it responds to Plaintiffs' subpoena. The Court puts Sidebar on notice, however,

that it has previously concluded that the other Defendants waived privilege with regard to certain topics in this matter and that any deficiencies in Sidebar's privilege log could well result in an outright waiver of the privilege.

Finally, Sidebar has raised a series of other objections, including the fact that the subpoena did not provide it sufficient time to respond, imposed an undue burden on it, failed to include a provision for compensating it for its reasonable costs, and called for the production of inaccessible electronically stored information. Each of these objections could have, and should have, been addressed in the meet-and-confer session that Plaintiffs attempted to arrange, and in which Sidebar refused to participate. Furthermore, Sidebar did not explain why the information imposed an undue burden, why the proposed timeframe for responses was unreasonable, or what electronically stored information it was unable to access and why. Again, Sidebar did nothing more than raise a series of boilerplate objections, which are insufficient to justify its failure to respond. The Court therefore orders Sidebar to respond to the subpoena in full.

In reaching this conclusion, the Court notes that nothing in Rule 45 requires that Sidebar be compensated for its time in responding to the subpoena. The provision that Sidebar relies on, Rule 45(d)(3)(A)(iv), permits courts to quash a subpoena only if it would subject a person to "undue burden." Rule 45 requires Courts to protect persons who are not parties "from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). In certain cases, this may even require the Court to shift the person's costs of compliance, provided that those costs are significant. *Cedar Rapids Lodge & Suites, LLC v. Seibert*, No. 14-cv-4839, 2018 WL 3019899 *2 (D. Minn. June 18, 2018). Whether

11

a subpoena imposes significant expense depends on the circumstances of each case. *Id.* Typically, however, a person who receives a Rule 45 subpoena is required to absorb the costs of responding to that subpoena. *Honda Lease Trust v. Middlesex Mut. Assur. Co.*, No. 3:05-cv-1426, 2008 WL 349239 *5 (D. Conn. Feb. 6, 2008).

Courts consider three factors to determine who should bear the cost of a Rule 45 subpoena: (1) the recipient's interest in the outcome of the case; (2) whether the recipient can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance. *In re Honeywell Int'l, Inc. Sec. Lit.*, 230 F.R.D. 293, 303 (S.D.N.Y. 2003). Here, Sidebar has provided no information regarding the cost that it will incur in responding to the subpoena, let alone any information showing that such costs would constitute a significant expense. Sidebar also provided no information to show that it lacked the financial ability to bear those costs. Furthermore, though Sidebar has defaulted, it still is a named Defendant in this matter and thus undoubtedly still has an interest in the outcome of this litigation. As a result, it should be required to bear the cost of production, as it would normally under Rule 34. Under the circumstances, the Court will not require Plaintiffs to compensate Sidebar for its time responding to the subpoena.

Plaintiffs also ask the Court use its inherent authority to sanction Sidebar for its conduct in responding to the subpoena. The Court has the inherent authority to order sanctions that are necessary to "achieve the orderly and expeditious resolution of cases." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018). This includes the authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). The inherent authority to

sanction extends to a full range of litigation abuses and is not displaced by the Federal Rules or any other statute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). It includes the authority to sanction a party for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46.

Sidebar has not conducted itself in the manner that the Court expects of its litigants. It refused to participate in this litigation in any meaningful capacity. It refused to meet-and-confer with Plaintiffs' counsel regarding their subpoena. It refused to respond to this motion. It failed to keep an updated address where it can be served, then claimed that Plaintiffs did not serve it properly. It did nothing more than serve a series of boilerplate objections in response to the subpoena. Sanctions are typically appropriate for such conduct.

The Court will, however, provide one more opportunity for Sidebar to respond fully to Plaintiffs' subpoena. Sidebar must do so within 45 days of the date of this Order. If Sidebar does not do so, the Court will issue an order to show cause as to why Sidebar should not be held in civil contempt of court. The Court will also consider the imposition of significant monetary sanctions, as well as the possibility of referring its agent, Wilson, to California state bar authorities for possibly disciplinary proceedings. The Court will not entertain any more delay or excuse from Sidebar in this proceeding. Sidebar must comply with its obligations under the Federal Rules of Civil Procedure.

## III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Compel Discovery from Sidebar Legal, PC (ECF No. 417) is

**GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Within 10 days of the date of this Order, Plaintiffs shall serve a copy of this Order and their subpoena on Sidebar by sending both documents via registered mail to the home address of Matthew Wilson, registered agent of Sidebar Legal, PC.

   b. Within 10 days of the date of this Order, Plaintiffs shall also serve a copy of this Order and their subpoena on the California Secretary of State for Service on Sidebar Legal, PC, pursuant to California Corporations Code § 1702.

   c. Sidebar Legal, PC shall provide complete responses to Plaintiffs' subpoena within 45 days of the date of this Order. For any responsive document withheld pursuant to an assertion of privilege or other similar bases, said document must be identified on a proper privilege log that is in compliance with all applicable rules and produced within 45 days.

   d. Plaintiffs' motion for sanctions is denied without prejudice.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

[signature on next page]

Date: March 4, 2019                    s/ Tony N. Leung
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *Paisley Park Enterprises, Inc., et al. v. Boxill, et al.*

                                       Case No. 17-cv-1212 (WMW/TNL)