UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A., as Personal Representative of the Estate of Prince Rogers Nelson, | Case No. 17-cv-1212 (WMW/TNL) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO CONFIRM ARBITRATION AWARD AND ENTER FINAL JUDGMENT** |
| George Ian Boxill; Rogue Music Alliance, LLC; Deliverance, LLC; David Staley; Gabriel Solomon Wilson; and Sidebar Legal, PC, | |
| Defendants. | |

---

Before the Court are cross motions to vacate and to confirm an arbitration award that was issued by Arbitrator Hon. Kathleen A. Blatz on August 31, 2018.  Defendant George Ian Boxill moves to vacate the award, (Dkt. 365), and Plaintiffs move to confirm the award and enter final judgment, (Dkt. 397).  For the reasons addressed below, the Court confirms the arbitration award and enters final judgment as described herein.

## BACKGROUND

This matter pertains to the previously unreleased recordings of Prince Rogers Nelson (Prince), who died in April 2016.  Plaintiffs are Paisley Park Enterprises, Inc., and Comerica Bank & Trust, N.A., as Personal Representative of the Estate of Prince Rogers Nelson.  Defendant Boxill is a sound engineer who worked with Prince during his recording career.  The other Defendants include Rogue Music Alliance, LLC; Deliverance, LLC;

David Staley; Gabriel Solomon Wilson; and Sidebar Legal, PC.  Plaintiffs contend that Defendants unlawfully possess and have attempted to exploit commercially several sound recordings of Prince.

Plaintiffs initiated this lawsuit in April 2017, asserting breach-of-contract, conversion, and copyright claims.  Plaintiffs filed a demand for arbitration of the breach-of-contract and conversion claims, which correspond to Counts 2 and 3 of Plaintiffs' third amended complaint.  Boxill moved to enjoin the arbitration, arguing that copyright law preempted arbitration of the breach-of-contract and conversion claims.  But the Court denied Boxill's motion to enjoin the proceedings.  The Arbitrator conducted an evidentiary hearing and determined that copyright law did not preempt the matter.  The Arbitrator issued an interim award in favor of Plaintiffs as to their breach-of-contract and conversion claims and held that the Prince Estate was entitled to damages and the return of the disputed recordings.  The final award, issued on August 31, 2018, includes additional relief to Plaintiffs for reasonable attorneys' fees and costs.  Now pending before the Court are cross motions to vacate and confirm the arbitration award.

## ANALYSIS

### I.     Arbitration Award

Boxill seeks to vacate, and Plaintiffs seek to confirm, the arbitration award.  When reviewing an arbitration award, a district court affords "an extraordinary" degree of deference to the underlying award.  *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004) (internal quotation marks omitted); *see also Bhd. of Maint.*

*of Way Emps. v. Terminal R.R. Ass'n*, 307 F.3d 737, 739 (8th Cir. 2002) (observing that

"scope of review of the arbitration award itself is among the narrowest known to the law").

A court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Even if an arbitrator makes an error of law or fact, the error does not

constitute an arbitrator exceeding her powers.  *See Beumer Corp. v. ProEnergy Servs., LLC*,

899 F.3d 564, 566 (8th Cir. 2018) ("The parties bargained for the arbitrator's decision; if

the arbitrator got it wrong, then that was part of the bargain.").  When a district court does

not vacate or modify the arbitration award, the court must confirm the award.  9 U.S.C. § 9.

Section 10 contains the *exclusive* bases for vacating an arbitration award.  *See Hall

Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584-86 (2008) (interpreting 9 U.S.C.

§ 10).  After the decision of the Supreme Court of the United States in *Hall Street*, the

Eighth Circuit no longer recognizes the judicially created "manifest disregard" basis for

vacatur, which allowed a district court to vacate an arbitration award when an arbitrator

exhibited a manifest disregard of the law.  *See Beumer*, 899 F.3d at 566 (stating that "manifest disregard of the law is not a ground on which a court may reject an arbitrator's award under the Federal Arbitration Act" (internal quotation marks omitted)); *Air Line Pilots Ass'n Int'l v. Trans States Airlines, LLC*, 638 F.3d 572, 578 (8th Cir. 2011) ("We have since explained [that] the Supreme Court's decision in [*Hall Street*] eliminated judicially created vacatur standards under the FAA, including manifest disregard for the law." (internal citation omitted)); *Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010) ("Appellants' claims, including the claim that the arbitrator [manifestly] disregarded the law, are not included among those specifically enumerated in § 10 and are therefore not cognizable.").

Boxill first asserts that the Arbitrator manifestly disregarded copyright law when she decided Plaintiffs' claims on the merits.  But because a district court lacks the authority to vacate an arbitration award based on an arbitrator's manifest disregard of the law, Boxill's argument is unavailing.

Alternatively, Boxill argues that the Arbitrator committed misconduct, 9 U.S.C. § 10(a)(3), or exceeded her authority, 9 U.S.C. § 10(a)(4).  But Boxill's only proffered basis for these assertions is his disagreement with the Arbitrator's decision that copyright law does not preempt Plaintiffs' breach-of-contract and conversion claims.  Boxill presents no case law, nor has the Court's research produced any, that supports a conclusion that a party's mere disagreement with an Arbitrator's decision is proof of misconduct by an

arbitrator or amounts to an arbitrator exceeding her authority.  Accordingly, there is no

basis to vacate the arbitration award pursuant to Section 10.  *See* 9 U.S.C. § 10(a).

Because the Court must confirm an arbitration award if there is no basis to vacate

or modify the award, the August 31, 2018 arbitration award is confirmed.[1]

## II.    Entry of Final Judgment

Plaintiffs seek the entry of final judgment on the arbitration award.  A district court

may enter final judgment on fewer than all of a party's claims "only if the court expressly

determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b); *accord Curtiss-*

*Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).  Although it is within the district

court's discretion to enter final judgment, Rule 54(b) certification should not be granted

routinely or as an accommodation to counsel.  *Downing v. Riceland Foods, Inc.*, 810 F.3d

580, 585 (8th Cir. 2016); *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006).

When deciding whether an entry of judgment under Rule 54(b) is warranted, a

district court undertakes a two-step analysis.  *Downing*, 810 F.3d at 585.  First, the district

court must determine that the judgment is final.  *Curtiss-Wright Corp.*, 446 U.S. at 7.  A

final judgment is "an ultimate disposition of an individual claim."  *Id.* (internal quotation

marks omitted).

---

[1]    The arbitration award requires Boxill to return all Prince materials to Plaintiffs.  In its May 22, 2017 Order, this Court required Defendants, including Boxill, to return the materials to Plaintiffs' *counsel*.  A district court may "make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason."  *Movie Sys., Inc. v. MAD Minneapolis Audio Distribs.*, 717 F.2d 427, 430 (8th Cir. 1983).  In light of the recent arbitration award, there exists good reason to modify the May 22, 2017 Order so as to require Boxill to return all Prince materials to Plaintiffs.

Second, the district court must determine whether there is any just reason for delay. *Id.* at 8.  When determining whether this requirement has been met, the district court considers "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Downing*, 810 F.3d at 585 (internal quotation marks omitted).  When a district court weighs and examines the competing interests involved in a certification decision, that decision is afforded "substantial deference" on appeal. *Williams v. Cty. of Dakota*, 687 F.3d 1064, 1068 (8th Cir. 2012).  Although a district court need not provide a detailed statement of reasons why there is no just reason for delay, the decision should reflect an evaluation of relevant factors. *Id.*  The Eighth Circuit has identified the following factors for district courts to consider when determining whether a danger of hardship through delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 586 (8th Cir. 2016) (internal quotation marks omitted).

Plaintiffs seek the entry of final judgment on the arbitration award—which corresponds to Counts 2 and 3 of the third amended complaint—with respect to Boxill.  In the Confidentiality Agreement, the parties agreed that "[t]he award rendered by the

arbitrator or arbitrators shall be *final* and judgment may be entered upon [the award] in accordance with applicable law in any court in Minnesota having jurisdiction thereof." (Emphasis added.)  As such, the first step of the two-step process is satisfied.

Plaintiffs contend that there is no just reason to delay entering judgment because the confirmation of an arbitration award is immediately appealable.  *See* 9 U.S.C. § 16(a)(1)(D).  The desire to avoid piecemeal appeals typically is an important factor in a district court's determination of whether to enter final judgment.  *See Downing*, 810 F.3d at 585.  But because Boxill can appeal the arbitration award regardless of entry of final judgment, a delay in judgment would have no effect on the possibility of a piecemeal appeal.  As such, this factor does not provide a just reason for delay.

Nor do the other factors warrant delaying entry of final judgment.  The first three *Downing* factors involve an examination of the remaining claims and issues in the litigation.  There is one remaining conversion claim against RMA and Deliverance, LLC, which is related to the adjudicated conversion claim against Boxill.  But any risk of inconsistent results between the adjudicated and unadjudicated conversion claims, or any risk that the Court will be obligated to review similar issues, already exists because of the arbitration award's immediate appealability.  Entry of final judgment will not exacerbate this risk.  The other remaining claims include copyright and trademark claims and a counterclaim of tortious interference with prospective economic advantage.  These claims are sufficiently distinct from the contract and conversion claims that are the subject of the arbitration award.  The copyright and trademark claims involve distinct legal bases.  And

the counterclaim also is distinguishable.   The counterclaim asserts that Plaintiffs misrepresented the scope of the Confidentiality Agreement to third parties.   In contrast, the claims that are the subject of the arbitration award address whether Boxill breached the Confidentiality Agreement, not Plaintiffs' use of the Confidentiality Agreement in third-party dealings.   For these reasons, the presence of remaining claims does not warrant delaying the entry of judgment.

As to the fourth factor, there is a possibility that the counterclaim, if successful, could result in a "setoff" against the adjudicated claims.   But the presence of a viable counterclaim need not delay entry of final judgment on another claim when a party is expected to be able to satisfy future judgments on surviving claims.   *See Curtiss-Wright Corp.*, 446 U.S. at 11-12.   There is no indication that Plaintiffs are financially unstable or would be unable to satisfy future judgments.

Finally, the interest in preventing delay, encompassed by the fifth *Downing* factor, weighs in favor of entering final judgment.   When monetary damages are awarded to a party and the remaining litigation is expected to last for additional months or years, entry of final judgment may be appropriate.   *See id.* (reasoning that, because the amount of debt owed was not contested, there was no just reason to delay entry of final judgment when the rest of the litigation was not likely to be resolved for additional months or years).   Here, entry of final judgment on the arbitration award would facilitate a prompt distribution of the monetary damages in this ongoing litigation.

Because there is no just reason for delay, final judgment is entered on the August 31, 2018 arbitration award.

### III.    Post-Award, Prejudgment Interest

Plaintiffs seek post-award, prejudgment interest for the time period between the Arbitrator's issuance of the award and this Court's entry of judgment.  When a party is awarded more than $50,000, as Plaintiffs are here, that party is entitled to receive interest from the time of the award until judgment is entered at an annual rate of 10 percent.  Minn. Stat. § 549.09, subds. 1(a), (c)(2).  Plaintiffs calculate the post-award, prejudgment interest on the $3 million arbitration award to equal a daily rate of $821.92.  Because this calculation is mathematically sound and consistent with the statute, Plaintiffs' request for post-award, prejudgment interest at a daily rate of $821.92 is granted.[2]

### IV.    Attorneys' Fees and Costs

Finally, Plaintiffs seek to recover the attorneys' fees and costs associated with litigating their motion to confirm the arbitration award and defending against Boxill's motion to vacate the award.  The Confidentiality Agreement provides that a prevailing party is entitled to recover "reasonable attorney's fees and costs incurred in connection with any action or proceeding arising out of, or relating to, any . . . breach or threatened breach."  The Arbitrator held that the arbitration was sufficiently related to a breach of the

---

[2]    Plaintiffs seek post-award, prejudgment interest from the date of the interim arbitration award.  But Plaintiffs provide no legal authority to support the accrual of interest from the date of the interim award, as opposed to the final award.  Accordingly, the Court awards post-award, prejudgment interest from the date of the final arbitration award.

Confidentiality Agreement such that the attorneys' fees and costs provision is applicable. Here, the cross motions to vacate and confirm the arbitration award are necessarily related to the arbitration, which, in turn, is related to a breach of the Confidentiality Agreement. Accordingly, as the prevailing party, Plaintiffs are entitled to attorneys' fees and costs. The Court will determine the amount of reasonable attorneys' fees and costs to which Plaintiffs are entitled when Plaintiffs file a motion for attorneys' fees and costs and supplement the record with supporting documentation.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Plaintiffs' Motion to Confirm Arbitration Award and Enter Judgment, (Dkt. 397), is **GRANTED**.

2.      The August 31, 2018 Final Award of Arbitrator is **CONFIRMED**. Defendant George Ian Boxill is ordered to pay Plaintiffs $3,960,287.65 and to return to Plaintiffs all materials obtained through his work for Prince.

3.      Defendant George Ian Boxill's Motion to Vacate Arbitration Award, (Dkt. 365), is **DENIED**.

4.      Finding no just reason for delay, the Court directs the Clerk of Court to enter judgment in favor of Plaintiffs against Defendant George Ian Boxill as to Counts 2 and 3 of the Third Amended Complaint, (Dkt. 262).

5.      The May 22, 2017 Order, (Dkt. 82), is **MODIFIED** as follows: Paragraph 4 of the Order is dissolved with respect to Defendant Boxill.  Paragraph 4 remains in effect for Defendants Rogue Music Alliance, LLC, Deliverance, LLC, and others acting in concert with them.

6.      Plaintiffs are awarded post-award, prejudgment interest at a daily rate of $821.92 from August 31, 2018, to the date judgment is entered.

7.      Plaintiffs are entitled to the reasonable attorneys' fees and costs incurred in obtaining confirmation of the arbitration award and defending against the motion to vacate the award.  Plaintiffs shall file a motion and supplemental documentation for reasonable attorneys' fees and costs within 14 days of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  April 8, 2019                              s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge