# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paisley Park Enterprises, Inc. and Comerica Bank & Trust, N.A. as Personal Representative for the Estate of Prince Rogers Nelson, <br><br> Plaintiffs, <br><br> v. <br><br> George Ian Boxill, Rogue Music Alliance, LLC, Deliverance, LLC, David Staley, Gabriel Solomon Wilson, Brown & Rosen, LLC and Sidebar Legal, PC, <br><br> Defendants, | Case No. 17-cv-1212 (WMW/TNL) <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

Lora Mitchell Friedemann and Anne E. Rondoni Tavernier, Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 (for Plaintiffs);

No appearance by or on behalf of Sidebar Legal PC.

---

This matter is before the Court pursuant to its April 15, 2019 Order to Show Cause (ECF No. 475). For the reasons that follow, the Court recommends that Sidebar Legal, PC and its sole owner, officer, and agent, Matthew Wilson be held in contempt. The Court also orders Sidebar to pay the costs and fees incurred by Plaintiffs in seeking compliance with their subpoena. (ECF No. 485).

## I. FINDINGS OF FACT

Plaintiff Comerica Bank & Trust, N.A. is the personal representative for the estate of the late internationally known musician Prince Rogers Nelson ("Prince Estate"). Third

1

Amend. Compl. ¶ 2 (ECF No. 262). The Prince Estate owns Plaintiff Paisley Park Enterprises, Inc. *Id*. Plaintiffs have filed a lawsuit alleging that Defendants violated the intellectual property rights of certain trademarks and copyrights owned by the Prince Estate.

Sidebar Legal, PC is a California professional corporation that provided legal services to the other Defendants in this case. *Id*., at ¶¶ 18, 54, 55.[1] It, along with the other Defendants, created Deliverance, LLC for the purpose of releasing an EP containing several Prince recordings. *Id*. at ¶ 14. Plaintiffs allege that Sidebar induced, encouraged, contributed to, and materially participated in the infringement of the Prince Estate's intellectual property and tortiously interfered with a confidentiality agreement between Prince and Defendant George Ian Boxill. *Id*. at ¶¶ 25, 83-94. Sidebar's CEO, sole corporate officer, and registered agent for service of process is attorney Matthew Wilson. (ECF No. 421-4, p. 60).

After filing suit, Plaintiffs attempted to serve Sidebar at its registered business address: 890 Cypress Avenue, Redding, California 96001. (ECF No. 421-4, pp. 60, 92). Sidebar also listed this address on its website. (ECF No. 421-4, p. 57). Plaintiffs discovered, however, that Sidebar no longer operated there. (ECF No. 421-4, p. 92). They contacted Wilson and asked that he provide an updated address for service. (ECF No. 421-4, p. 92). Wilson did not respond. (ECF No. 421, ¶ 32). Ultimately, Plaintiffs were able to effect service of both the complaint and a Rule 45 subpoena on Sidebar by delivering both

---

[1] At a related arbitration hearing, several of the other defendants testified that they relied on Sidebar's legal counsel. (ECF No. 421, ¶ 24).

documents to Wilson at his home address. (ECF No. 326). Sidebar was found to be in default after it did not respond to the complaint. (ECF No. 341).

Following entry of default, Plaintiffs served a revised Rule 45 subpoena to Sidebar. (ECF No. 421-1, pp. 1-9). Because Sidebar had not updated its registered address, Plaintiffs again served the subpoena on Wilson at his home address. (ECF No. 421-4, p. 94). Approximately two weeks later, Wilson responded to the subpoena on behalf of Sidebar, with a cover letter that listed the Cypress Avenue location as Sidebar's business address. (ECF No. 421-4, p. 96). Sidebar objected to the subpoena on several grounds, including improper service, and did not produce any documents. (ECF No. 421-4, pp. 97-99, 101). Sidebar also did not respond to Plaintiffs' subsequent request for a meet and confer. (ECF Nos. 421, ¶ 36, 421-4, p. 101).

Plaintiffs then filed a motion to compel compliance with the subpoena in the Eastern District of California. *See* Order, *Paisley Park Enterprises, Inc., et al. v. Boxill*, *et al.*, 19-mc-006, ECF No. 9. The California court transferred the motion to the District of Minnesota. *Id.* Plaintiffs filed a renewed motion to compel. (ECF No. 417).

On January 4, 2019, before filing their renewed motion to compel, Plaintiffs' counsel contacted the Court to discuss scheduling the motion. By e-mail, the Court informed counsel, including Wilson, that the Court preferred to hear the motion to compel at the same time as two other motions pending before the Court. The Court proposed a hearing date of January 24, 2019 for the three motions. Wilson informed the Court that Sidebar had not been served with the motion to compel and that the proposed date of January 24 did not provide Sidebar adequate time to travel to Minnesota or prepare its

3

response. Counsel for Plaintiffs again sent an e-mail to Wilson asking that he inform Plaintiffs at what address Sidebar should be served with the motion to compel. It does not appear that Wilson ever responded to that e-mail.

In part because of Wilson's scheduling concerns, the Court directed the parties to find a new date for the motion to compel. Ultimately, the Court heard the motion on February 5, 2019. Sidebar did not respond to the motion to compel. Nor did it participate in the hearing.

On March 4, 2019, the Court ordered Sidebar to comply with Plaintiffs' subpoena. (ECF No. 442). Though Sidebar did not participate at the motion hearing, the Court considered the objections that Sidebar raised in its original response to Plaintiffs. (*See* ECF No. 421-4, pp. 97-99). The Court concluded that Sidebar's objections were without merit and gave Sidebar 45 days to respond to the subpoena.

The Court warned Sidebar that it faced severe sanctions if it did not comply with the Court's Order. In particular, the Court stated that, if Sidebar failed to respond to the subpoena, the Court would consider: (1) issuing an order for Sidebar to show cause as to why it should not be held in contempt of court; (2) ordering Sidebar to pay Plaintiffs' attorney's fees and costs; and (3) referring Wilson to the California State Bar for disciplinary proceedings.[2] To eliminate any concern regarding the adequacy of service of the subpoena, the Court authorized Plaintiffs to serve the subpoena on Sidebar by sending it to Wilson's home address and by serving it on the California Secretary of State. The

---

[2] The California State Bar has since recommended that Wilson be disbarred from the practice of law as the result of his conduct in an unrelated matter. (ECF No. 476).

Court also ordered Plaintiffs to serve a copy of the Court's March 4, 2019 Order on Sidebar in the same fashion.

Plaintiffs served Sidebar with both the subpoena and the Court's March 4, 2019 Order on March 7, 2019. (ECF No. 473). Sidebar did not respond to the subpoena or otherwise communicate with Plaintiffs. (ECF No. 473). As a result, the Court issued an order requiring Sidebar to appear at a June 3, 2019 hearing and show why it should not be held in contempt of court for violating the Court's March 4, 2019 Order. (ECF No. 475).[3] The Court also directed Sidebar to file a memorandum addressing an April 23 letter that Plaintiffs filed. Again, the Court warned Sidebar that it faced sanctions, including attorney's fees and costs, if it failed to comply with the Order to Show Cause.

Sidebar did not respond to the Order to Show Cause. Nor did it attend the show cause hearing. Plaintiffs filed a declaration stating that they incurred $45,471 in attorney's fees and costs related to Sidebar's failure to comply with the subpoena and requesting that the Court hold Sidebar and Wilson in contempt of court. (ECF No. 485). The Court took the matter under advisement following the hearing.

## II. ANALYSIS

### A. Civil Contempt

The power to punish for contempt is inherent in all courts. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see also Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing,* 207 F.3d 500, 504 (8th Cir. 2000) ("In a proceeding before a magistrate

---

[3] As with its previous orders, the Court directed Plaintiffs to mail the Order to Show Cause to Wilson's home address and serve it on the California Secretary of State.

judge, disobedience of a lawful order 'shall constitute a contempt of the district court for the district wherein the magistrate is sitting.'") (quoting 28 U.S.C. § 636(e)). The contempt authority includes the power to hold a party responsible for violating a subpoena or discovery order. Fed. R. Civ P. 45(g); *Henderson as Tr. for Henderson v. City of Woodbury*, No. 15-cv-3332, 2016 WL 11020059, at *2 (D. Minn. Nov. 4, 2016), *report and recommendation adopted by* 2016 WL 11020058 (D. Minn. Dec. 1, 2016); *Edeh v. Carruthers,* No. 10-cv-2860, 2011 WL 4808194, at *2-*3 (D. Minn. Sept. 20, 2011), *report and recommendation adopted by* 2011 4808191 (D. Minn. Oct. 11, 2011). Though this Court itself does not have contempt authority, it may certify contemptuous acts or conduct to the District Judge, who may then adjudge a person to be in contempt by reason of those certified facts. 28 U.S.C. § 636(e). The purpose of contempt proceedings "is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers,* 207 F.3d at 504.

Because a court order against a business entity is binding upon the shareholders, officers, and agents who are "in a position to carry out acts" on behalf of the business, the Court's contempt power also extends to persons associated with the business who "have notice of the court's order and the responsibility to comply with it." *Chicago Truck Drivers,* 207 F.3d at 507 (permitting "district judge to fashion an appropriate sanction" in contempt proceeding against non-party individual). This is particularly true when a single person is the sole officer, shareholder, and agent of the business entity. *Id*. Such persons are so associated with the business that it can reasonably be concluded that he or she is responsible for the acts or omissions of the business.

"Before a party can be held in contempt for violating a court order, [the party] must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan,* 16 F.3d 921, 924 (8th Cir. 1994) (quotation omitted). The party seeking civil contempt must then prove by clear and convincing evidence "that the alleged contemnors violated [the] order." *Chicago Truck Drivers,* 207 F.3d at 505. If the moving party produces such evidence, then the burden shifts to the non-moving party to show an inability to comply with the court order. *Id*. To meet this burden, the non-moving party must show that (1) it was unable to comply; (2) its inability to comply was not "self-induced;" and (3) it made good faith, reasonable efforts to comply. *Chicago Truck Drivers,* 207 F.3d at 506.

Plaintiffs have demonstrated by clear and convincing evidence that Sidebar violated the Court's March 4, 2019 Order requiring compliance with Plaintiffs' subpoena. Sidebar has not responded at all to Plaintiffs' subpoena since the Court issued its order. Nor has Sidebar provided any reason why it cannot comply with the Court's Order. Quite frankly, Sidebar has flouted the Court's authority at every step of this litigation, and all elements required to find Sidebar and Wilson (as will be later discussed) in contempt have been clearly and convincingly met. The Court therefore recommends that Sidebar be held in contempt of court.

Plaintiffs have also demonstrated by clear and convincing evidence that Wilson himself should be held in contempt of court. As Sidebar's officer, owner, and agent of Sidebar, Wilson is the only person responsible for acting on Sidebar's behalf and thus the sole person responsible for Sidebar's repeated failure to comply with the Court's March 4,

2019 Order. *See Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC*, No. 08-cv-1501, 2011 WL 3891870, at *1 (E.D. Mo. Sept. 1, 2011) (imposing contempt sanction against agent of company). Wilson also received personal notice of the Order to Show Cause and chose not to appear at that hearing. The Court recommends that he also be held in contempt of court.

Courts must consider four factors before recommending that a person or entity be held in contempt. *Edeh*, 2011 WL 4808194 at *3 (citing *United States v. United Mine Workers,* 330 U.S. 258, 303-04 (1947)). The four factors are: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Id*. In this case, each factor is neutral or weighs in favor of contempt.

First, the harm to Plaintiffs is significant. Sidebar served as legal counsel for the other Defendants and is part owner of Deliverance LLC. Through their subpoena, Plaintiffs seek documents related to the release of the Prince music, the work that Sidebar performed for the other Defendants in this matter, and other documents related to Deliverance LLC. Given Sidebar's role in this matter, the documents that Plaintiffs seek contain information that is likely critical to their claims. Given the substantial amount in controversy and the fact that this lawsuit concerns valuable intellectual property, Plaintiffs are entitled to investigate and litigate this matter fully by using all tools available to them under the Federal Rules of Civil Procedure. This factor weighs strongly in favor of contempt.

Second, the Court must consider whether the contempt sanction is likely to bring about compliance with its Order. The Court is doubtful that it will do so. Sidebar has made no effort to participate in this lawsuit and has declined to engage with Plaintiffs on multiple occasions regarding their subpoena. Sidebar has also refused, despite multiple opportunities, to explain its reasons for noncompliance. But despite the Court's misgivings, civil contempt is one of the few (if not the only) remaining tools left that might bring about compliance with the Court's Order. As a result, the Court concludes that this factor also weighs in favor of contempt.

The third factor the Court must consider is the financial resources of Sidebar and the burden any sanction would impose. There is nothing in the record regarding Sidebar's financial status. Nor is there any meaningful information available regarding the financial resources of Wilson. As a result, this factor does not weigh for or against a contempt citation.

Finally, the Court considers Sidebar and Wilson's extensive history of disregarding court orders. Both Sidebar and Wilson knew of the Court's Order requiring compliance with the subpoena, because the Court directed Plaintiffs to mail that Order to Wilson's home address and to serve it on the California Secretary of State. The Court also ordered Plaintiffs to serve its Order to Show Cause on Sidebar and Wilson. Their refusal to respond to the Court's Orders or otherwise engage with Plaintiffs regarding their subpoena shows nothing more than an arrogant, deep-seated belief that they are above the judicial process. This factor weighs strongly in favor of contempt.

For all of these reasons, the Court recommends that Sidebar and Wilson be held in contempt. The Court further recommends that Sidebar and Wilson be permitted to purge that contempt by responding to Plaintiffs' subpoena with 90 days of this Order and Report and Recommendation.

The Court must then consider what the appropriate sanction should be if Sidebar and Wilson do not purge the contempt finding. Typical options for civil contempt sanctions include fines payable to the court, fees, expenses of litigation, or imprisonment. *United States v. Dinwiddie,* 885 F. Supp. 1299, 1304 (W.D. Mo. 1995); *see also In re Crededio*, 759 F.2d 589, 590 (7th Cir. 1985). In this case, it is apparent that monetary sanctions will not cause Sidebar and Wilson to comply. Sidebar and Wilson did not respond when Plaintiffs previously moved for an award of attorney's fees against them. Nor did they respond when the Court warned them (several times) that Sidebar faced fines and an assessment of attorney's fees if it did not respond to the subpoena. The only meaningful sanction remaining to the Court now is the issuance of a bench warrant for the arrest of Wilson. *See Painters Dist. Council No. 2*, 2011 WL 3891870, at *1 (granting writ of body attachment against principal of corporation held in contempt of court). The Court therefore recommends that such a warrant issue if Sidebar and Wilson do not satisfy the purge conditions for contempt.

**B. Attorney's Fees**

Plaintiffs also seek a total of $45,471 in attorney's fees and costs related to their efforts to compel Sidebar to comply with their subpoena. Of that amount, $33,188 is related to work done by Plaintiffs' counsel on the motion to compel filed in California. The

remaining $12,283 is related to Plaintiffs' renewed motion to compel and the Court's Order to Show Cause. (ECF No. 485). Plaintiffs seek reimbursement for a variety of services, including hearing preparation, drafting and filing motion papers, and reviewing documents related to the matter.

On multiple occasions, the Court warned Sidebar that it would be required to pay Plaintiffs' attorney's fees and costs if it failed to comply with the Court's orders. Despite the Court's admonitions, Sidebar refused to produce even a single document in response to Plaintiffs' subpoenas. It also failed to attend the Order to Show Cause hearing or submit a memorandum setting forth its position before that hearing. Its conduct has caused Plaintiffs to incur substantial attorney's fees. Therefore, as a sanction for violation of the Court's orders, the Court will require Sidebar to pay the reasonable costs and attorney's fees that Plaintiffs incurred in attempting to secure compliance with their subpoena.

"Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). "The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Id.* (quotation omitted). Thus, in calculating the lodestar, the Court may exclude from hours that were not "reasonably expended." *Sierra Petroleum Co. v. Beaudry Oil & Serv., Inc*, No. 08-cv-6466, 2011 WL 13199285, at *8 (D. Minn. Mar. 7, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gumbhir v. Curators of the Univ. of Mo.*, 157 F.3d 1141, 1146 (8th Cir. 1998)). This Court may rely on its own experience and knowledge of prevailing market rates to determine whether the rates sought are reasonable. *See Hannig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Based on its review of Plaintiffs' submission, the Court concludes that Plaintiffs' hourly rates are reasonable. (*See* ECF No. 487 (reaching same conclusion regarding attorney's fees sought by Plaintiffs in another motion in this matter)). The Court further concludes the amount of time Plaintiffs' counsel spent on this matter was reasonable and that the tasks for which they seek reimbursement were necessary to litigate this case successfully. Accordingly, the Court will grant Plaintiffs' request for fees and costs in its entirety.

### III.   ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Within 90 days of the date of this order, Sidebar Legal, PC shall pay Plaintiffs $45,471 as reasonable compensation for the attorneys' fees and costs that Plaintiffs incurred in connection with their attempts to compel Sidebar's compliance with their subpoena.

2. Within 5 days of the date of this Order and Report and Recommendation is filed, Plaintiffs shall serve a copy of it by sending it via registered mail to the home address of Matthew Wilson and by serving a copy of it on the California Secretary of State for service on Sidebar.

3. The Clerk of Court is directed to send a copy of this Order and Report and Recommendation to the State Bar of California's Office of Chief Trial Counsel, located at 845 South Figueroa Street, Los Angeles, California, 90017, so that it may consider whether it is appropriate to initiate disciplinary proceedings against Wilson for the conduct described above.[4]

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the

---

[4] The Court will also provide the Clerk the Discipline Referral Form that the California State Bar requires for such a referral.

party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

## IV. RECOMMENDATION

Having considered the positions of the parties, and based on all the files, records and proceedings herein, and for the reasons set forth on the record which are hereby expressly incorporated by reference, the Court finds, based on clear and convincing evidence, that Sidebar and Wilson violated the Court's March 4, 2019 Order (ECF No. 442), and hereby **RECOMMENDS** that:

1. Sidebar Legal, PC and Matthew Wilson be found in constructive civil contempt of court for failure to comply with this Court's March 4, 2019 Order (ECF No. 442);

2. The issuance of a bench warrant for the arrest of Wilson, to compel compliance with the March 4, 2019 Order (ECF No. 442) be stayed for 90 days from the date of the District Judge's Order on this Report and Recommendation to permit Sidebar and Wilson to purge contempt by complying with the Court's March 4, 2019 Order. (ECF No. 442);

3. Plaintiffs file a declaration addressing whether Sidebar and Wilson have complied with the Court's March 4, 2019 Order (ECF No. 442) no later than 14 days after the conclusion of the 90-day period described above; and

[continued on next page]

4. If Plaintiffs' declaration does not indicate that Sidebar and Wilson have complied with the Court's March 4, 2019 Order (ECF No. 442), that a bench warrant automatically be issued for Wilson's arrest.

Date: June 27, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Paisley Park Enterprises, Inc., et al. v. Boxill, et al.*

Case No. 17-cv-1212 (WMW/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).