UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paisley Park Enterprises, Inc.; and<br>Comerica Bank & Trust, N.A., | Case No. 17-cv-1212 (WMW/TNL) |
| Plaintiffs, | **ORDER** |
| v. | |
| George Ian Boxill; Rogue Music Alliance, LLC; Deliverance, LLC; David Staley; Gabriel Solomon Wilson; and Sidebar Legal, PC, | |
| Defendants. | |

Before the Court is Defendant Sidebar Legal, PC's Motion to Purge Civil Contempt. (Dkt. 530.) In an August 29, 2019 Order, the Court held Sidebar Legal and its sole owner, officer, and agent, Matthew Wilson, in contempt for failure to comply with the Court's March 4, 2019 Order. The Court directed an arrest warrant for Wilson to issue but stayed execution of the warrant to provide Sidebar Legal and Wilson an opportunity to purge their contempt. On February 7, 2020, based on Wilson's flagrant disregard of the Court's orders and failure to take any action to purge the contempt, the Court directed the United States Marshals Service to execute a warrant for Wilson's arrest.

In March 2020, Wilson informed the Court and Plaintiffs that he would comply with the March 4, 2019 Order. Since then, Sidebar Legal has produced numerous documents, the parties have been in settlement discussions, and the magistrate judge has held multiple telephone conferences. The magistrate judge held a hearing on May 5, 2010, regarding the

sufficiency of Sidebar Legal's response. The next day, Sidebar Legal filed the instant motion to purge its contempt, arguing that it has provided all responsive documents in compliance with the March 4, 2019 Order or, alternatively, has provided an explanation of why records were not produced to counsel. Sidebar Legal maintains that Plaintiffs' counsel indicated that Plaintiffs would not oppose Sidebar Legal's motion to purge the civil contempt and related arrest warrant for Wilson.

Contrary to Sidebar Legal's representations, Plaintiffs oppose Sidebar Legal's motion and request that the Court issue additional sanctions for Sidebar Legal's spoliation. (Dkt. 531.) Plaintiffs assert that they advised Sidebar Legal that *if* they execute a settlement agreement, then Plaintiffs would not oppose Sidebar Legal's efforts to purge the contempt order. To date, there is no indication that any such settlement agreement has been executed.

Sidebar Legal's motion is largely duplicative of the current submissions under advisement with the magistrate judge. Sidebar Legal's motion also is procedurally improper because Sidebar Legal did not comply with the Local Rules' meet-and-confer requirement. *See* L.R. 7.1(a). Had Sidebar Legal followed the meet-and-confer process, this duplicative motion practice might have been avoided. Moreover, Sidebar Legal does not have representation in this matter and a corporation is not permitted to proceed *pro se*. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") Accordingly, Sidebar Legal's motion is denied. The Court declines to consider Plaintiffs' request for additional sanctions in light of the forthcoming order from the magistrate judge on Plaintiffs' sanctions request.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Sidebar Legal, PC's Motion to Purge Civil Contempt, (Dkt. 530), is **DENIED**.

Dated:  June 10, 2020                                                         s/Wilhelmina M. Wright  
                                                                                            Wilhelmina M. Wright  
                                                                                            United States District Judge