# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Paisley Park Enterprises, Inc., Comerica Bank & Trust, N.A., | **JUDGMENT IN A CIVIL CASE** |
| Plaintiffs, | |
| v. | Case Number: 17-cv-1212 WMW/TNL |
| George Ian Boxill, Rogue Music Alliance, LLC, Deliverance, LLC, David Staley, Gabriel Solomon Wilson, Sidebar Legal, PC, | |
| Defendants. | |
| and | |
| Deliverance, LLC, George Ian Boxill, Rogue Music Alliance, LLC, Gabriel Solomon Wilson, David Staley, | |
| v. | Counter Claimants, |
| Comerica Bank & Trust, N.A., Paisley Park Enterprises, Inc., | |
| | Counter Defendants. |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

    1.    Sidebar does not now possess, nor has Sidebar ever possessed, any ownership or beneficial rights in any music George Ian Boxill ("Boxill") obtained, created, or possessed by way of his work for Prince, and therefore Sidebar cannot utilize or exploit such music, compositions, or recordings for any purpose.

2. Defendant Sidebar and its officers, employees, and directors, including but not limited to Matthew A. Wilson, along with all those in active concert or participation with them are **PERMANENTLY ENJOINED** from:

(a) offering for sale, selling or distributing any music, recording or material Defendant Boxill obtained through his work for Prince, including but not limited to the compositions and masters contained on the *Deliverance EP*;

(b) using any music, recording or material Defendant Boxill obtained through his work for Prince, or derived from any such music, recording or material, for any purpose whatsoever;

(c) using any trademark owned by Plaintiffs, including but not limited to the trademark PRINCE®, on or in connection with any goods or services; and

(d) using Prince's name, image or likeness in any commercial activity.

3. Within fourteen (14) days from the date of this judgment, Sidebar shall return to Plaintiffs all music, recordings and materials, whether in physical, electronic or digital form, which it obtained through or as a result of Boxill's work for Prince, and any derivative works created therefrom.

4. Sidebar is **ORDERED** to pay the Sanctions issued in the Order of this Court dated June 28, 2019 (ECF No. 497) and an additional agreed-upon sanction of $9,529 according to the payment schedule agreed to by the parties. On Plaintiffs' claims including Sanctions against Sidebar in this action Judgment shall be entered against Sidebar in the total amount of three hundred thousand dollars ($300,000).

5.      Sidebar requests that the Court purge the August 29, 2019 Order finding Sidebar in contempt of Court (ECF No. 501) and the February 2, 2020 arrest warrant (ECF Nos. 513 and 514). Plaintiffs do not oppose Sidebar's request to purge the finding of contempt and arrest warrant. Accordingly, the finding of civil contempt and arrest warrant are hereby **PURGED**.

6.      This Order shall finally resolve this action between Plaintiffs and Defendant Sidebar Legal PC, which action, including all claims and affirmative defenses asserted therein, is hereby **DISMISSED WITH PREJUDICE**.

7.      Each party shall bear its own attorney's fees and costs in connection with this action.

Date: 7/23/2020

KATE M. FOGARTY, CLERK

s/Cara Kreuziger
(By)   Cara Kreuziger, Deputy Clerk