UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paisley Park Enterprises, Inc.; and
Comerica Bank & Trust, N.A.,

    Plaintiffs,

v.

George Ian Boxill; Rogue Music Alliance,
LLC; Deliverance, LLC; David Staley;
Gabriel Solomon Wilson; and Sidebar
Legal, PC,

    Defendants.

Case No. 17-cv-1212 (WMW/TNL)

**ORDER**

---

Before the Court is Plaintiffs' Notice Regarding David Staley Bankruptcy. (Dkt. 538.) Plaintiffs seek dismissal of the remaining claims and counterclaims in this case, all of which pertain to Defendant David Staley.[1]

On April 3, 2019, Staley notified the Court that he had filed a voluntary petition for Chapter 7 bankruptcy in the United States District Court for the Central District of California. Staley's bankruptcy filing triggered an automatic stay of the proceedings in this case as to Plaintiffs' claims asserted against Staley.[2] *See* 11 U.S.C. § 362(a)(1) (providing that the filing of a bankruptcy petition operates as an automatic stay of judicial

---

[1] The claims and counterclaims involving all defendants other than Staley have been dismissed.

[2] The third amended complaint asserts fourteen claims, five of which are asserted against Staley—namely, Counts One, Four, Seven, Ten, and Fourteen.

proceedings against the debtor that commenced before the filing of the bankruptcy petition). Staley's bankruptcy case closed on September 10, 2020, thereby ending the automatic stay. *See id.* § 362(c)(2) (providing that the automatic stay "continues until . . . the [bankruptcy] case is closed"). Plaintiffs seek the voluntary dismissal of their claims against Staley, as well as involuntary dismissal of Staley's counterclaims against Plaintiffs.

### I. Voluntary Dismissal of Plaintiffs' Claims

After a defendant has filed an answer to a complaint, a plaintiff may voluntarily dismiss its claims without a court order only by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, Staley has filed an answer to Plaintiffs' third amended complaint, and Plaintiffs have not filed a stipulation of dismissal signed by Staley. Therefore, Plaintiffs' claims against Staley "may be dismissed at [Plaintiffs'] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a plaintiff's request for voluntary dismissal under Rule 41(a)(2) is within a district court's discretion. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727–28 (8th Cir. 2014). A district court abuses its discretion when it fails to consider a relevant factor that should have been given significant weight, considers and gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment when weighing the relevant factors. *Id.*

Several factors are relevant for a district court to consider when deciding whether to permit a voluntary dismissal under Rule 41(a)(2), including:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste

>of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (internal quotation marks omitted). Other relevant factors include whether the plaintiff excessively delayed or lacked diligence in prosecuting the action and whether the defendant has filed a motion for summary judgment. *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998).

Here, Plaintiffs' request for voluntary dismissal does not cite Rule 41(a)(2), let alone address any of the factors relevant to the Court's decision. Nonetheless, the record and circumstances in this case demonstrate that Plaintiffs' request is reasonable. Plaintiffs commenced this case in April 2017, and this case has been extensively litigated for approximately four years. Plaintiffs' fourteen claims have been resolved with respect to the six Defendants other than Staley, as have those Defendants' counterclaims. All that remains of this case are the claims and counterclaims that involve Staley, and the dismissal of Plaintiffs' claims against Staley will not result in a waste of judicial time or effort. It does not appear that the dismissal of Plaintiffs' remaining claims will prejudice Staley, given that Plaintiffs seek dismissal of those claims with prejudice. And there is no indication that Plaintiffs excessively delayed or lacked diligence in prosecuting their claims or that Plaintiffs seek dismissal to escape an adverse decision or seek a more favorable forum. *See Donner*, 709 F.3d at 697. Moreover, Staley has not filed a motion for summary judgment, nor does it appear that he or his attorneys have filed *anything* in this case in nearly two years.

For these reasons, dismissal of Plaintiffs' claims against Staley under Rule 41(a)(2), Fed. R. Civ. P., is warranted.

## II.     Staley's Counterclaims

Plaintiffs also seek the involuntary dismissal of Staley's counterclaims, with prejudice, for failure to prosecute.[3]

Pursuant to Rule 41(b), Fed. R. Civ. P., and a district court's inherent authority, "when circumstances make such action appropriate, a District Court may dismiss [an action] for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962) (recognizing that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). An involuntary dismissal under Rule 41(b), except in limited circumstances not presented here, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Staley filed his pending counterclaims against Plaintiffs in September 2018. But Staley has not prosecuted his counterclaims in more than two years. Indeed, as addressed

---

[3]    Staley's Counterclaim Count One seeks a declaratory judgment against Plaintiffs. Staley's Counterclaim Count Two alleges tortious interference with contracts and prospective economic advantage against Plaintiffs. In a February 22, 2019 Order, the Court granted Plaintiffs' motion to dismiss each Defendant's tortious inference counterclaim to the extent that those counterclaims alleged tortious interference with contracts but denied Plaintiffs' motion to dismiss those counterclaims to the extent that they alleged tortious interference with prospective economic advantage.

above, it does not appear that Staley or his attorneys have filed *anything* in this case in last two years. Notably, although the claims that Plaintiffs asserted *against* Staley were subject to an automatic stay for approximately eighteen months while Staley's Chapter 7 bankruptcy petition was pending, that automatic stay did not apply to the counterclaims asserted *by* Staley against Plaintiffs. *See Farley v. Henson*, 2 F.3d 273, 274–75 (8th Cir. 1993) (observing that "it is well established" that an automatic stay pursuant to 11 U.S.C. § 362(a)(1) "does not apply to a proceeding brought by the debtor that inures to the benefit of the debtor's estate"). Moreover, Staley has filed nothing in response to Plaintiffs' March 25, 2021 request for involuntary dismissal of Staley's counterclaims.

For these reasons, involuntary dismissal of Staley's counterclaims for failure to prosecute under Rule 41(b), Fed. R. Civ. P., is warranted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' claims against Defendant David Staley are **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2), Fed. R. Civ. P.

2. Defendant David Staley's counterclaims are **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 19, 2021                    s/Wilhelmina M. Wright
                                          Wilhelmina M. Wright
                                          United States District Judge